# New Brighton Borough v. New Brighton Water Co., and Beaver Valley Water Co., Appellants.

*Municipalities—Water companies—Acquisition of plant under Act of April 29, 1874, P. L. 73—Mandamus to secure information as to value—Detailed information—Public Service Company Law of July 26, 1913, P. L. 1374.*

1. The first step in the acquisition of a plant of a water company by a borough under the Act of April 29, 1874, P. L. 73, is to make an investigation of the books, records and plant of the company to ascertain the cost of the plant and the consideration which the municipality would be required to pay; and where access to the records is denied by the corporation, mandamus is the proper

remedy. The company cannot be required to furnish detailed information at its own expense.

2. In such case the owner of the water works is the proper party defendant, and the lessee of such works, even though it operates the same is improperly joined, where it appears from the terms of the lease that the lessor and lessee had not merged, and that the former maintained its corporate existence, a certain supervision over the business of the company, and shared in the net receipts, and that the lessee was required to account to the lessor company; the awarding of a peremptory mandamus against the owner and lessee in such case is a fatal error, and on appeal judgment must be entered generally for the defendants, as there can be no amendment of a peremptory writ.

*Mandamus—Mandamus Act of June 8, 1893, P. L. 345—Practice —Procedure—Judgment—Misjoinder of parties.*

3. Though the practice in mandamus is regulated by statute, yet it is a common law writ, and the rule prevails that there can be but one final judgment. Where a party is improperly joined and a judgment for a peremptory mandamus goes against the defendants generally, which is good as to the others, but erroneously entered against him, the proceedings fail.

*Public Service Company Act of July 26, 1913, P. L. 1374—Water companies.*

4. Proceedings for the acquisition of water works by a municipality, instituted since the Act of July 26, 1913, P. L. 1374, will be invalid unless they have been previously sanctioned by the Public Service Commission.

Argued Oct. 9, 1914. Appeal, No. 97, Oct. T., 1914, by defendants, from judgment of C. P. Beaver Co., June T., 1913, No. 188, awarding mandamus in case of The Borough of New Brighton v. New Brighton Water Company and Beaver Valley Water Company, lessee and grantee. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Petition for mandamus. Before HOLT, P. J.

The opinion of the Supreme Court states the facts.

The court awarded a peremptory mandamus, commanding the defendant to furnish the plaintiff with a statement of the net cost of constructing and maintain-

ing the plant of the New Brighton Water Company, and the dividends theretofore declared by said company or its lessee or grantee; and to open the books, papers and vouchers of the defendants so that the plaintiff could check and verify said statement. Defendants appealed.

*Jos. A. Beck,* with him *McKee, Mitchell and Alter,* and *W. A. McConnel,* for appellants.—The Beaver Valley Water Company was improperly made a defendant in this proceeding, and for that reason the judgment should be reversed: Sedden v. McBride, 210 Pa. 429; McDonald v. Judson, 97 Ill. App. 414.

*Harry Calhoon,* with him *Hice, Morrison, Reader & May,* for appellee.—The Beaver Valley Water Company was a proper and necessary party: Greensburg Borough v. Water Co., 240 Pa. 481.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

This is an appeal from a judgment granting a peremptory writ of mandamus against the two defendant corporations, commanding them "to furnish to The Borough of New Brighton, the plaintiff, a statement of the net cost of constructing and maintaining the plant of the New Brighton Water Company and the dividends heretofore declared by said New Brighton Water Company or its lessee and grantee, and to open the books, papers, and vouchers of said defendants so that the said plaintiff can check and verify said statement."

The New Brighton Water Company was incorporated May 29, 1879, to supply water in the plaintiff borough, and from 1880 to 1902 this company performed directly its corporate duties. In May, 1902, under the provisions of the Act of June 26, 1895, P. L. 369, the company granted a lease of its plant to the Beaver Valley Water Company, the other defendant, and since that date the latter concern has furnished water in the territory for-

merly supplied by its lessor. The lessee company took over this plant for the purpose of operating it in connection with several other water works owned or controlled by it, "as one system"; but the lease particularly stipulates that "the lessor reserves unto itself its franchise to be a corporation, its right and powers of condemnation, and its power and authority to establish and regulate rates for the supply of water," and it provides that "the lessee covenants......to keep and maintain the plant and works of the lessor in good order and condition and to make all such extensions and betterments thereto as may be necessary or proper......provided that the lessee shall have the right to be reimbursed for all extensions and betterments made to the plant or works of the lessor"; another condition is that the lessee shall "account for and pay over to the lessor" one-half of the income from the demised plant.

In January, 1913, the council of the plaintiff borough passed a resolution to the effect that it "desires to become the owner of the plant of the New Brighton Water Company provided the people......approve an issue of bonds to pay for the same, should such issue of bonds become necessary, and provided the cost of such plant comes within the limit of the borrowing power of the borough." A demand was made upon the defendant companies for a statement of the net cost of constructing and maintaining the New Brighton water plant and of dividends declared; when this demand was not complied with, on April 10, 1913, the plaintiff borough caused an alternative writ of mandamus to issue. After a motion to quash was overruled and exceptions taken by the defendants, they filed a return; subsequently a demurrer to this return was sustained and a judgment for a peremptory mandamus entered. The two assignments of error complain of the refusal to quash the alternative writ and the judgment on the demurrer granting the peremptory writ.

Where a municipality desires to acquire water works,

and proceedings for that purpose have been correctly instituted and duly prosecuted, it is only in instances where the lack of sufficient borrowing capacity to effect the purchase plainly appears (as in Williamsport v. Citizens' Gas & Water Co., 232 Pa. 232), that a mandamus will not be granted to compel a company properly named as defendant to permit an examination of its records and plant. Mandamus is the appropriate remedy (Williamsport v. Citizens' Co., supra), and the Mandamus Act of June 8, 1893, P. L. 345 (Sections 2 and 13), merely requires a petition to "present the substance of a case," and in the return "certainty to a certain intent in general" is all that is called for, the act expressly stating that an opportunity "for the correction thereof" shall be afforded if the return is lacking in that respect. When the petition and the return meet the statutory requirements the plaintiff should traverse all alleged facts in the latter pleading upon which he takes issue, so that trial may be had thereon; but in the case at bar the appellants question the adequacy of the petition to support the judgment, and the appellee criticizes the return. It is not essential, however, to go into the matter of the technical adequacy of the petition or to discuss the alleged insufficiency of the return, for, aside from those points, on the conceded facts, there are two fatal defects shown by this record which necessitate a reversal of the judgment for the peremptory mandamus.

In Williamsport v. Citizens' Co., supra, we took occasion to lay down the proper practice in cases of this character, and we there stated: "Under no circumstances would the defendant company be bound to render to the city a detailed and itemized statement," adding, "While we agree that this (Sec. 34, Clause 7, Act of April 29, 1874, P. L. 73); is sufficient to give the city such a special interest that under proper circumstances it would have the right to investigate the books and plant of the defendant......we see nothing in the statute

which......would fix the company with the onerous obligation......to furnish at its own expense such a statement"; yet, notwithstanding this plain ruling that the only obligation upon water companies is to permit a municipal investigation of their books, records and plant, the court below ordered the defendants to furnish a written statement of the very character that we there said water companies were under no circumstances obliged to render. Moreover, the order was not only upon the New Brighton Company, to whom the municipal franchise was granted, but also upon the Beaver Valley Company, its lessee, and the latter is peremptorily directed to disclose information concerning all dividends declared and generally to open its "books, papers and vouchers."

Again, in Williamsport v. Citizens' Co., supra, we point out that in cases of this character two mandamus proceedings may be necessary. The second, if required, is to compel a transfer of the plant in question for a price to be then and there determined; but "the first......concerns the right of the city to have access to the books and records of the water company for the purpose of securing the data of cost and maintenance of the defendant's plant and the dates and amounts of dividends by it theretofore declared, and, also, if desired, to make a physical examination of its works and property"; and it is to be borne in mind that we are now reviewing a proceeding of that kind. Under our established practice the first mandamus is the initial step in the taking over of water works by a municipality, and its office is simply to get at the sources of information required to enable the borough to act intelligently and finally to determine whether or not it will make the purchase; after securing this information, however, if the municipal authorities see fit, they may abandon entirely their expressed desire to acquire the property under consideration. Sec. 9, of the Act of 1893, supra, makes ample provision for a lessee company, in a "proper case," to be granted leave to come in as a de-

fendant in such an initial mandamus proceeding, with the right to "frame the return" and take part in the litigation from then on; and in the present case, while, if mandamus practice were pursued and the Beaver Valley Company did not come in of its own accord, it might in the end be necessary to apply for a writ against that corporation, yet, unlike the New Brighton Company, on a state of facts such as we have before us, it is fixed with no implied statutory obligation to keep records containing the data desired by the plaintiff borough, and in view of the terms of the lease to the Beaver Valley Company (under which there is no merger between the lessor and lessee, the former keeping its corporate existence and fixing the water rates, and the latter maintaining the plant, making all necessary betterments thereto, and annually accounting to its lessor and paying over one half of the income therefrom, reimbursing itself in such accounting for all betterments made) it is but reasonable to assume that its lessor is in a position to furnish all the required information. "The writ of mandamus issues only in case of necessity......; where there is a doubt of its necessity or propriety it will not go": 26 Cyc. 146. Should the future develop a necessity for a proper investigation of the books of the lessee company, or should legal proceedings be essential to accomplish that end or any other legitimate purpose in connection with the borough's effort to take over this plant, the condition can be dealt with when it arises; but the record before us does not disclose any apparent necessity for, or right to, a mandamus against the Beaver Valley Company when the writ in this case issued; furthermore, since that company operates numerous plants in addition to the New Brighton water works, the broad and unrestricted mandatory order which went out against it—generally to open its books and disclose information concerning its dividends—could not be sustained under any circumstances.

The Mandamus Act of 1893, supra, particularly pro-

vides that defects in substance in the alternative writ
may be amended, and that the peremptory writ may be
superseded or quashed, but it expressly states that no
amendment to the latter writ shall be allowed (Sections
26 and 28). In the present case, no amendment was
made in the alternative writ, hence the peremptory man-
damus follows its form: Tapping on Mandamus, 369,
444; High on Extraordinary Legal Remedies, Sec. 548.
Though the practice in mandamus is regulated by
statute, yet it is a common law writ, and the rule pre-
vails that there can be but one final judgment; there-
fore, where a party is improperly joined and a judg-
ment for a peremptory mandamus goes against the de-
fendants generally, which is good as to the others but
erroneously entered against him, the proceedings fail
[Hopper v. Freeholders, 52 N. J. (Law.) 313], and on
appeal, since there can be but one judgment, that must
be entered for the defendants (on the principle involved
and the practice thereunder, see Sedden v. McBride, 210
Pa. 429; McDonald v. Judson, 197 Ill. App. 414; Tap-
ping on Mandamus, supra, p. 357, 360, 372; Regina v.
Mayor, 2 Salk. 701); this rule still holds good except
where expressly or impliedly modified by statute, as, for
example, in McClintock v. Young Republicans, 210 Pa.
115, but we find no statutory modification covering the
present case. The reason for the rule is well stated by
POWELL, J., in Regina v. Mayor, supra, thus: "Writs
ought to be directed to those, and to those only that are
to obey the writ: How will people know who are to
obey the writ, if the directions are insignificant or im-
material? If a writ be directed to the coroner and sher-
iff, where it ought to be to one only, it is naught." The
peremptory writ at bar must be quashed because it
orders the defendants to perform an act which this court,
under similar circumstances, decided that a like cor-
poration was under no obligation to do; and the case
must be reversed without a procedendo, not on the mer-
its, but because, on the present record, no judgment

could go against one of the defendants named in the writ.

We might end this opinion without more, but in view of a recent Act of Assembly, and certain rulings thereon by this court in Reynoldsville Borough v. Reynoldsville Water Co., 247 Pa. 26, (handed down by Mr. Justice STEWART, simultaneously herewith), it seems best to discuss another phase of the case. The New Brighton Company installed its plant subject to the right of the plaintiff borough, at the expiration of twenty-one years, to take it over upon payment of the net cost of erection and maintenance, with interest thereon at 10 per cent. per annum, less dividends declared (Act of 1874, supra); this imposed upon that company the duty of keeping correct records of these matters, so that the borough might, at the proper time, make such investigations as would enable it intelligently to exercise its privilege of purchase. The borough has a prima facie right to make this investigation, for the power to purchase given by the Act of 1874, supra, is more than a mere grant of authority—it is a privilege to acquire the property of the water company at the time and under the terms provided in the statute (Monessen Borough v. Monessen Water Co., 243 Pa. 53; Greensburg Borough v. Westmoreland Water Co., 240 Pa. 481, 487-8; Reynoldsville Borough v. Reynoldsville Water Co., supra). When the Beaver Valley Company leased the water works of the New Brighton company it took the plant subject to the right of the borough subsequently to acquire the property (see cases just cited); but since the Act of July 26, 1913, P. L. 1374, popularly known as the Utilities Act, this right is qualified so that at the present time it cannot be exercised without first securing the approval of the Public Service Commission. While the Act of 1913 does not affect instances where court proceedings were actually pending on January 1, 1914 (Reynoldsville Borough v. Reynoldsville Water Co., supra), yet, since we must quash the present writ

and enter judgment for the defendants, we take occasion
to state that any new efforts made by the plaintiff bor-
ough to take over these water works will be subject to
the provisions of that statute.

One of the purposes of the Utilities Act was to fur-
nish, in cases of the character of the one now before us, a
more flexible procedure for ascertaining facts and reach-
ing conclusions than were supplied by the set forms of
pleading and procedure in the law courts. Article 3,
Sec. 3, of the statute, provides that upon the approval
of the Utilities Commission, evidenced by its certificate
of public convenience "first had and obtained," and upon
compliance with existing laws "and not otherwise," it
shall be lawful "(d) for any municipal corporation to
acquire......any plant......for rendering or furnish-
ing to the public of any service of the kind or character
already being rendered or furnished by any public serv-
ice company within a municipality"; Article 5, Sec. 18,
provides that "when application shall be made to the
commission by any municipal corporation for the ap-
proval required by the provisions of Article 3, Sec. 3,
(d),...... such approval......shall be given only if
and when said commission shall find or determine that
the granting or approval of such application is necessary
or proper for the service, accommodation, convenience,
or safety of the public"; and Article 5, Sec. 19, provides
the machinery for making proper investigations—it
grants power to the commission to subpœna and compel
the attendance of witnesses and the production of books,
papers and contracts, etc., and "to make such inquiries,
physical examinations, valuations, and investigations
as it may deem necessary." See also Sec. 23 as to valu-
ations, and Sec. 29 concerning the right to an appeal
and to an ultimate trial by jury of issues of fact
"where such right is secured either by the Constitution
of the Commonwealth or of the United States." On the
whole, this act furnishes a complete and what should
prove a satisfactory system in cases of this character,

and thereunder all the relevant facts in possession of the New Brighton Company or the Beaver Valley Company can be brought out and fully developed, and the rights of all parties conserved; therefore, since the approval of the commission must be first "had and obtained" before the present plant can be actually acquired or operated by the borough, application should be made to that body before any future proceedings, mandamus or otherwise, are instituted in the courts.

The judgment is reversed, the writ is quashed, and judgment is here entered for the defendants; the appellee to pay the costs.