# St. Clair Borough, Appellant, *v.* Tamaqua & Pottsville Elec. Ry. Co. et al.

*Jurisdiction, C. P.—Public Service Commission—Complaint—Street railways—Change of rates—Reasonableness—Boroughs—Contracts—Bill in equity—Dismissal—Findings of Public Service Commission—Appeal—Practice, C. P.—Act of July 26, 1913, P. L. 1374—Trial by jury.*

1. Since the Act of July 26, 1913, P. L. 1374, matters within the jurisdiction of the Public Service Commission, including the reasonableness of rates charged by public service corporations, must first be determined by it, in every instance, before the courts will adjudge any phase of the controversy.

2. The decision of the Public Service Commission on the subject of rates is subject to review, and the courts are vested with

the right and fixed with the duty of passing upon the record brought up on appeal, which record shall include the testimony, the findings of facts, if any, of the commission based upon such testimony, a copy of all orders made by the Commission in said proceedings, and a copy of the opinion, if any, filed by the commission.

3. In cases where the parties had a right to trial by jury before the Act of 1913, such right is still preserved to them.

4. It is the duty of the reviewing court, if it shall find from the record that an order of the Public Service Commission appealed from is unreasonable, or based upon incompetent evidence materially affecting the determination or order of the commission, or is otherwise not in conformity with law, to enter a final decree reversing the order of the commission, or, in its discretion, to remand the record to the commission with directions to reconsider.

5. The fact that no complaint is made to the Public Service Commission when an application for a change of rate is filed with that body, does not prevent any person affected thereby from subsequently entering a complaint.

6. Where a contract fixing a rate unlimited in time has been entered into by a public service company with a borough prior to the Act of 1913, the State has the right, under authority of that act, through the Public Service Commission, notwithstanding the contract, to inquire into and adjust the rate to a reasonable basis.

7. A bill in equity brought by a borough against a street railway company to restrain defendant either from running its cars over a certain route or from charging more than a certain fare, on the ground that the proposed increase of fare was unreasonable and that a contract existed with the borough under which the defendant was prohibited from charging a higher rate, was properly dismissed for want of jurisdiction where it appeared that the matter had not been submitted to the Public Service Commission.

8. In such case the borough should file its complaint with the Public Service Commission, and if the commission permits the increase, the borough can, on appeal, raise all questions properly involved in which it has an interest and have them passed upon by the courts.

Argued Oct. 18, 1917. Appeal, No. 292, Jan. T., 1917, by plaintiff, from decree of C. P. Schuylkill Co., Nov. T., 1917, No. 2, in Equity, dismissing bill in equity for injunction in case of The Borough of Saint Clair v. The Tamaqua and Pottsville Electric Railway Company, the Pottsville and Saint Clair Electric Railway Company,

the Pottsville Union Traction Company, and the Eastern Pennsylvania Railways Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity to restrain defendant from running cars over a certain designated route or to prohibit defendant from charging more than a five-cent fare thereon. Before BECHTEL, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed the bill. Plaintiff appealed.

*Errors assigned,* among others, were refusal of injunction and dismissal of bill.

*William Wilhelm,* with him *J. Milton Boone,* for appellant.

*Otto E. Farquhar* and *F. C. Newbourg, Jr.,* with them *Byron A. Milner, M. M. Burke* and *Joseph deF. Junkin,* for appellees.—The regulation of fares and the construction of contracts in relation thereto, are exclusively within the jurisdiction of the Public Service Commission: Act of July 26, 1913, P. L. 1374; Bellevue Borough v. The Ohio Valley Water Company, 245 Pa. 114.

OPINION BY MR. JUSTICE MOSCHZISKER, January 7, 1918:

The Borough of St. Clair filed a bill in equity against the Tamaqua and Pottsville Electric Railway Company, the Pottsville and St. Clair Electric Railway Company, the Pottsville Union Traction Company, and the Eastern Pennsylvania Railways Company, praying that they either be restrained from running their cars over a certain designated route or prohibited from charging more than a five-cent fare thereon; September 18, 1917, the court below preliminarily enjoined the operation of the

cars; but, on September 25, 1917, the following decree was entered, "The court being of opinion that it has no jurisdiction, and, therefore, cannot maintain this injunction, under 245 Pa. 114, it is hereby ordered that the injunction be dissolved"; October 6, 1917, an additional decree was filed, as follows, "Counsel for the plaintiff ......having asked the court to dispose of the....... prayer for the granting of a preliminary injunction relative to the five-cent fare, in which the court is asked to grant an injunction to restrain the defendant company from charging a six-cent fare......, we decline to grant any injunction, for the reasons heretofore given......, to wit, that we have no jurisdiction in the case, under the decision heretofore cited"; plaintiff has appealed, and these two decrees are assigned as error.

It appears, inter alia, that in 1894 the Tamaqua and Pottsville Company was granted a municipal franchise to lay tracks in the plaintiff borough; that in 1906 another ordinance was approved, conferring the privilege of making certain extensions, wherein it was stipulated that not more than a five-cent fare should be charged; that later the rights possessed by the first named corporation passed to the other defendants and the street railway in question is now operated by the Eastern Pennsylvania Railways Company.

Plaintiff contends that the ordinance of 1906 is binding upon the defendant companies, and therefore the latter have no legal right to raise their fares from five to six cents, while the defendants contend that they never built the extensions granted by this ordinance, and for that reason it has no binding effect; further, that they have complied in all respects with the requirements of the Public Service Company Law of July 26, 1913, P. L. 1374; and are entitled to charge the increased rate; but the court below did not decide any of these contentions, holding, as stated in the above quoted decrees, that it had no jurisdiction, and citing the decision of this court

in Bellevue Borough v. Ohio Valley Water Co., 245 Pa. 114.

In the Bellevue Borough case, we decided two points of law: (1) That "hereafter, so long as the Act of 1913 [supra] remains in force, the question of the reasonableness of rates established by public service corporations must in the first instance be submitted to the Public Service Commission, when challenged," and we there said, "This is now the declared statutory policy of the law, and it is binding not only upon the interested parties, but upon the courts as well" (p. 116); (2) Where contracts fixing a rate "unlimited" in time have heretofore been entered into by public service companies, the State has the right, through the Public Service Commission, notwithstanding the contract, to inquire into and adjust the rate to a reasonable basis; and, in this connection, we said: "We decided in [Turtle Creek Boro. v. Penna. Water Co., 243 Pa. 415] that a contract of this kind, unlimited by its terms, and hence indeterminate as to time, could not be enforced indefinitely, and must give way to the general policy of the law under which the legislature created a special tribunal to pass upon and determine questions relating to the reasonableness of rates charged by public service corporations" (see also Mt. Union Boro. v. Mt. Union W. Co., 256 Pa. 516, 520).

As before stated, the court below did not attempt to adjudge as to the binding force of the alleged contract here in question, i. e., the ordinance of 1906, but evidently based its decision upon our ruling in the Bellevue Borough case, to the effect that questions of rates to be charged by public service corporations must be passed upon in the first instance by the Public Service Commission, before any aspect of the matter involved can be brought before the courts for determination; and in this we see no error.

The Act of 1913, supra, does not deprive the courts of any ultimate power theretofore vested in them under the laws of the Commonwealth; it requires merely that,

when a rate is to be or has been increased by a public service corporation, all complaints concerning the change shall be first submitted to and passed upon by the Public Service Commission.   In turn, the decision of the commission is subject to review, and the courts are vested with the right and fixed with the duty of passing upon the record brought up on appeal (Boro. of Mt. Union v. Mt. Union W. Co., 256 Pa. 516, 518), "which record shall include the testimony taken therein, the findings of fact, if any, of the commission based upon such testimony, a copy of all orders made by the commission in said proceedings, and a copy of the opinion, if any, filed by the commission" (Article VI, Section 18). In cases where the parties theretofore had a right of trial by jury, it is still preserved to them (Article VI, Section 29, as amended by the Act of June 3, 1915, P. L. 779, 782; New Brighton Boro. v. New Brighton W. Co., 247 Pa. 232, 241; West Virginia P. & P. Co. v. Public Service Commission, 61 Pa. Superior Ct. 555, 569) ; and in all instances it is made the duty of the reviewing court, if it shall find from the record "that the order appealed from is unreasonable or based upon incompetent evidence materially affecting the determination or order of the commission, or is otherwise not in conformity with law," to "enter a final decree reversing the order of the commission, or, in its discretion, it may remand the record to the commission, with directions to reconsider the matter and make such order as shall be reasonable and in conformity with law" (Article VI, Section 24).   The fact that no complaint is made to the commission, when a change of rate is filed with that body, does not prevent any person affected thereby from subsequently entering one (Article V, Section 4) : Baltimore & Ohio R. R. Co. v. Public Service Commission, 66 Pa. Superior Ct. 403, 406.   The commission is armed with ample facilities for making investigations, and the provisions of the statute afford it full means of enforcing its orders when entered; moreover, in change-of-rate cases, pending hearing, the

commission is expressly empowered to require the public service company involved to "furnish to its......patrons a certificate......of payments made by them in excess of the prior established rate" (Article V, Section 4), and subsequently, if an increase is denied, to make an order for reparation (Article V, Section 5).

The plaintiff borough in the present case may file its complaint and have it passed upon by the Public Service Commission, whose duty will be, not only to decide as to the reasonableness of the rate, but also to find all material facts in connection with the increase: B. & O. R. R. Co. v. Public Service Commission, supra, p. 413. Should the commission decide that the change of fare is unreasonable, then, so far as the borough is concerned, that will be the end of the matter; but, on the other hand, should that tribunal permit the increase, then, on appeal, the borough can raise all questions properly involved in which it has an interest, and have them passed upon by the courts.

Since the Public Service Company Law has been upon our books, we have consistently adhered to the rule that matters within the jurisdiction of the commission must first be determined by it, in every instance, before the courts will adjudge any phase of the controversy (Bethlehem City Water Co. v. Bethlehem Borough, No. 2, 253 Pa. 333, 337-8; New Brighton Borough v. New Brighton Water Co. et al., 247 Pa. 232, 240, 241, 242); and it is plain that orderly procedure requires an adherence to this practice, otherwise different phases of the same case might be pending before the commission and the courts at one time, which would cause endless confusion. Under the established system, the commission, in the first instance, passes upon all changes of rates made by public service corporations, subject to a proper and well regulated review by the courts, where and when all questions of law may be raised and determined; and "this is so not because the courts have any desire to avoid the performance of duties cast upon them by the law, but

because the people, speaking through the legislature, have declared that these duties shall be performed by a special tribunal created for the purpose. The disposition everywhere is to commit questions, relating to the regulation and to the rates of public service corporations, to the supervisory powers of special tribunals, and, concededly, matters of this character are within the domain of legislative action": Bellevue Borough v. Ohio Valley Water Co., supra, p. 118; see also York Water Co. v. York, 250 Pa. 115, 118.

The assignments of error are overruled, and the orders appealed from are affirmed.