Argued December 10, 1940.
This appeal is concerned (1) with the procedure to be followed by a borough which seeks to acquire the ownership of the works and property of a company furnishing water to the public in the borough, with special reference to the time when it must secure the consent of the Public Utility Commission to such acquisition. And, also, (2) how this is affected by the fact that the proceedings for the acquisition of such property were begun when the Public Service Company Law of July 26, 1913, P.L. 1374, and its amendments and supplements were in force and effect, but were not completed on June 1, 1937 when the Public Utility Law *Page 222 
of May 28, 1937, P.L. 1053, which superseded and repealed it, went into effect.
The proceeding was instituted under clause 7 of the 34th section of the Corporation Act of April 29, 1874, P.L. 73, p. 95, 15 Pa.C.S.A. § 1353, which, in part, reads as follows: "It shall be lawful, at any time after twenty years from the introduction of water or gas, as the case may be, into any place as aforesaid, for the town, borough, city or district into [in?] which the said company shall be located, to become the owners of said works, and the property of said company, by paying therefor the net cost of erecting and maintaining the same, with interest thereon, at the rate of ten per centum per annum, deducting from said interest all dividends theretofore declared."
Article III, section 3, of the Public Service Company Law provided, inter alia, as follows: "Upon like[1] approval of the commission first had and obtained, as aforesaid,[1] and upon compliance with existing laws, and not otherwise, it shall be lawful —. . . . . .
"(c) For any public service company to sell, assign, transfer, lease, consolidate, or merge its property, powers, franchises, or privileges, or any of them to or with any other corporation or person.
"(d) For any municipal corporation to acquire, construct, or begin to operate, any plant, equipment or other facilities for the rendering or furnishing to the public of any service of the kind or character already being rendered or furnished by any public service company within the municipality."
On June 9, 1936, while the Public Service Company Law was in force and effect, the Borough of Pottstown filed its petition with the Public Service Commission *Page 223 
asking it to issue its certificate of public convenience approving the acquisition by the borough, under the provisions of the Act of 1874, aforesaid, of the water plant and property of the Pottstown Gas Water Company, which had been furnishing water to the public within said borough for more than twenty years.
After various proceedings, not necessary to be recited here, the Public Utility Commission — which had succeeded to the Public Service Commission under the provisions of the Public Utility Law — on March 27, 1939, determined that the applicant was not required under the Public Utility Law to obtain a certificate of public convenience evidencing its approval of the proposed acquisition and held that the application was outside the commission's jurisdiction.
Following the filing of a petition for a rehearing, the commission on September 1, 1939, notified the borough that if it would amend the form of its application to one seeking approval of the transfer of the water plant of the Pottstown Gas Water Company to the Borough of Pottstown, under section 202(e) of the Public Utility Law, it would take jurisdiction and would then issue an order rescinding its previous action and proceed with the determination of the case on its merits. This suggestion was complied with and the amendment made, but on July 31, 1940, the commission filed its report and order denying the petition, on the ground that it lacked jurisdiction to consider and grant it. The borough appealed.
It will be noted that the Public Service Company Law did not prescribe when or at what stage in the legal proceedings, which the municipal corporation institutes to acquire the works and property of the public service company, it was required to obtain the approval of the Public Service Commission — as evidenced by its certificate of public convenience — to the acquisition by it of the works and property of the public service company.
A like uncertainty had existed before the passage of *Page 224 
the Public Service Company Law as to the legal procedure to be used under the Act of 1874, supra, when a municipality was desirous of acquiring the works and property of a company which had furnished water or gas to the public within its limits for twenty years, pursuant to the seventh clause of section 34 of the Act, and it was necessary to obtain information respecting such cost and the declaration of dividends, etc., in order that the municipality might determine whether it could constitutionally borrow the money required for such acquisition. This latter uncertainty was resolved by the Supreme Court in the case ofWilliamsport v. Citizens Water Gas Co., 232 Pa. 232 (1911),81 A. 316, which ruled that a preliminary mandamus, and not a bill in equity, was the appropriate remedy to obtain the books and records of the company for the purpose of securing the necessary data, and also, if desired, to make a physical examination of the company's works and property. It was held, however, that in this preliminary mandamus proceeding a subsidiary issue was first involved respecting the question of the municipality's financial ability under the law to purchase the plant, and this, in turn, raised issues as to the assessed value of the city's real estate, the amount of its indebtedness and its borrowing capacity, in addition to the issue as to the cost of the plant, its maintenance and the dividends declared; for a mandamus would not issue for a vain or useless purpose or merely to satisfy curiosity. Hence if on such a preliminary proceeding the evidence plainly showed that the works and property of the company greatly exceeded in value the amount which the municipality could raise under the law, it was not in a position to make the purchase, and hence was not in a position to force the company to submit to an investigation of its books and properties. But where it could be shown that the probable price which would have to be paid for the company's property was within the borrowing capacity of the municipality *Page 225 
or approximated it, the mandamus would issue to enable the municipality to make a full investigation and, after securing sufficient knowledge to qualify it to submit an intelligent offer, if that offer should be refused, the plaintiff could demand another or second mandamus to compel the company to convey its plant to the muncipality upon payment of the estimated price. The company could then take issue on the figures submitted by the municipality, and there would be a common law trial to adjudge the issues thus raised.
To compel the municipality to embark upon the second mandamus, or even go into the main issue of the first mandamus proceeding, until a preliminary examination of the subsidiary issues involved in the first mandamus had determined whether there was a likelihood of the municipality's borrowing capacity at least approximating the amount required to be paid for the company's works and property was held by the Supreme Court to be a sheer waste of time, money and effort.
This was the procedure marked out by the Supreme Court when the Public Service Company Law was passed in 1913. See also, NewBrighton Borough v. New Brighton Water Co., 247 Pa. 232,93 A. 327.
Following the effective date of that Act, the Supreme Court decided several cases which throw considerable light on the question here involved.
In Bellevue Borough v. Ohio Valley Water Co., 245 Pa. 114,91 A. 236, (1914) it held that the proviso to clause 7 of section 34 of the Act of 1874, supra, which granted power and jurisdiction to the court of common pleas of the proper county to hear, inquire and determine whether the charges of the company for gas and water were just and reasonable was repealed by the Public Service Company Law which conferred that power upon the Public Service Commission.
In New Brighton Borough v. New Brighton Water Co., 247 Pa. 232,93 A. 327, (1915) it held that proceedings for the acquisition of water works by a municipality *Page 226 since the Public Service Company Law of July 26, 1913, P.L. 1374, will be invalid unless they have been previously sanctioned by the Public Service Commission, thereby making the securing of such approval, in the shape of a certificate of public convenience, the first step in the procedure to be followed.
And in Reynoldsville Boro. v. Reynoldsville Water Co., 247 Pa. 26,92 A. 1082 (1915), it held that where proceedings by a borough looking to the acquisition of a water company under clause 7 of section 34 of the Act of 1874, supra, had been begun and were pending at the effective date of the Public Service Company Law (January 1, 1914), the provisions of that law requiring the approval of the Public Service Commission to such acquisition were not merely procedural but operated directly on the rights of the municipality, by qualifying its right to acquire at its own pleasure the property of a water company within its limits, and therefore it could only be allowed retroactive effect as such a result was expressly declared in the act itself; and, consequently, as such retroactive effect had not been expressly declared in the Public Service Company Law, the commission's approval was not necessary. This was in line with the decision in the New Brighton case holding that as to proceedings begun after the effective date of the Public Service Company Law the commission's approval was the first step in the proceeding, thus, in effect, putting it in the place of the preliminary mandamus referred to in the Williamsport case; but where that preliminary proceeding had been begun before the Public Service Company Law became effective, it would be carried through without any application to or approval by the commission, thus showing clearly the preliminary character of the commission's approval of the application.
This was followed by our own case of Waynesboro Water Co. v.Public Service Comm., 78 Pa. Super. 143 (1922), in which the principal question for decision *Page 227 
was whether a borough, desiring to acquire the plant of a water company, incorporated in 1882 under the general incorporation Act of April 29, 1874, P.L. 73, must first apply to the Public Service Commission for a certificate of public convenience, pursuant to Art. III, section 3(d) of the Public Service Company Law or before applying to the commission, must use the procedure by mandamus which was available to ascertain the probable price payable for such water works prior to the effective date of the Public Service Company Law; and we decided squarely, in line with the foreshadowings contained in the Supreme Court cases already cited, (1) that the borough must first apply to the commission and obtain a certificate of public convenience evidencing its approval, before it can acquire the plant of a water company operating within its limits, and (2) that such action takes the place of the former procedure by preliminary mandamus which was available to ascertain the probable price payable by the borough for the water works, which it sought to acquire. The opinion of Judge LINN — now Mr. Justice LINN of the Supreme Court — speaking for this court, makes it clear that where the proceeding is by a municipality, seeking the acquisition of the works and plant of a water company, which is reluctant to sell and convey its works and plant to the municipality, the securing of the Public Service Commission's approval, in the form of its certificate of public convenience, is the very first step in the procedure, and any action looking to the acquisition of the water plant by mandamus proceeding before securing such approval was irregular and improper, and contrary to the procedure prescribed by the Supreme Court.
Our next inquiry is directed to the changes in the law made by the enactment of the Public Utility Law of May 28, 1937, P.L. 1053 (effective June 1, 1937), and whether those changes affect the order of procedure laid down by the Supreme Court and this court with *Page 228 
respect to the proceedings necessary under the Public Service Company Law.
The Public Utility Law repealed the Public Service Company Law (sec. 1503), but provided in section 1404, inter alia, as follows:
"Effect on Existing Proceedings, Certificates, Regulations, Tariffs, and Contracts. — All litigation, hearings, investigations, and other proceedings whatsoever, pending under any act repealed by this act, shall continue and remain in full force and effect, and may be continued and completed under the provisions of this act."
The provisions of Article III, section 3(c) and (d) of the Public Service Company Law before quoted were supplied by Art. II, section 202(e) and (g) of the Public Utility Law, as follows (the important changes being italicized):
"Section 202. Enumeration of Acts Requiring Certificate. — Upon approval of the commission, evidenced by its certificate of public convenience first had and obtained, and upon compliance with existing laws, and not otherwise, it shall be lawful: . . . . . . (e) For any public utility . . . . . . to acquire from, or transfer to, any person or corporation, including a municipalcorporation, by any method or device whatsoever (including among other things a consolidation, merger, sale or lease) the title to, or the possession or use of, any tangible or intangible property whatsoever. . . . . . (g) For any municipal corporation to acquire, construct, or begin to operate, any plant, equipment, or other facilities for the rendering or furnishing to the public of any public utility service beyond its corporate limits."
It will be noted that by the provisions of section 202(e) the approval by the commission of the transfer of the property of a public service company — which by Art. III, section 3(c) of the Public Service Company Law had been limited to "any other corporation or person", and did not apply to any transfer whatever to a municipal corporation — was extended so as to include any *Page 229 transfer of property, by any method or device, to a municipal
corporation, and this is broad enough to include any legal form or method of acquisition of such property by a municipal corporation from a public utility; and on the other hand section 202(g) was limited or confined to the right of a municipal corporation to acquire, etc. any plant, equipment, etc. for the rendering or furnishing to the public of any public utility service beyond its corporate limits, which had not theretofore been specially provided for.
The necessity of the commission's approval of the right of a municipal corporation to acquire the works, plant and property of a water company under clause 7 of section 34 of the Act of 1874 was, therefore, not abrogated, but was shifted to section 202(e), which covers the transfer, by any method, of the property of a public utility to a municipal corporation, and thus embraces theacquisition by a municipal corporation of the property of a public utility, whether the method of transfer be by agreement of purchase and sale or by proceedings instituted to compel its transfer to the municipal corporation under the Act of 1874, aforesaid. That the clause embraces several methods of transfer
does not require a construction that the same procedure shall necessarily apply to all kinds alike. There is no reason why the procedure fixed by the Supreme Court for the acquisition by a municipal corporation of the works and property of a water company or gas company under clause 7 of section 34 of the Act of 1874, should not still apply where a municipal corporation is seeking to acquire the works and plant of such a company which is reluctant to sell its property to the municipal corporation.
But, in any event, where proceedings under the Act of 1874, clause 7 of section 34, were begun by a borough while the Public Service Company Law was in force, by the express provisions of the Public Utility Law, supra, section 1404, the proceeding so begun and pending *Page 230 
when the Public Utility Law of 1937 went into effect on June 1, 1937, "shall continue and remain in full force and effect, and may be continued and completed" under the provisions of the Act of 1937 — and that can only mean that the order of procedure laid down by the Supreme Court as applicable for such a proceeding shall be observed and carried out to completion by the Public Utility Commission just as if the Public Service Company Law under which it was begun was still in force and effect. The ruling in the Reynoldsville case, supra, applies with even greater force here, in view of the saving and continuing provision of section 1404.
All the reasons so convincingly stated by the Supreme Court — speaking through Mr. Justice, afterwards Chief Justice, MOSCHZISKER, in the Williamsport and New Brighton cases — and by Judge LINN in the Waynesboro case, for the securing of a certificate of public convenience from the commission, evidencing its approval of the acquisition by a borough or other municipal corporation of the works and plant of a water company furnishing service within its limits, as the very first step in the proceedings, apply just as forcibly and effectually whether the jurisdiction given the commission rests in a clause applicable to all transfers of property by a public utility corporation to a municipal corporation, either voluntary or involuntary, or in a separate clause applicable only to a proceeding instituted by a municipal corporation to acquire the plant and property of a public utility corporation.
We are, therefore, of the opinion that the application of the appellant borough to the Public Service Commission for a certificate of public convenience, evidencing its approval of the acquisition by the borough of the water works and water plant of Pottstown Gas and Water Company, having been filed on June 9, 1936, while the Public Service Company Law was in force and effect, it was the duty of the Public Utility Commission *Page 231 
to proceed with the pending application just as if the Public Service Company Law still remained in force and effect and to follow the procedure laid down by the Supreme Court and this court respecting application by a municipal corporation to acquire the works and property of a water company or gas company under clause 7 of section 34 of the Act of 1874, in the cases ofWilliamsport v. Citizens Water Gas Co., 232 Pa. 232, 81 A. 316;New Brighton Borough v. New Brighton Water Co., 247 Pa. 232,93 A. 327, and Waynesboro Water Co. v. Public Service Comm.,78 Pa. Super. 143.
The appeal is sustained. The order of the commission appealed from is reversed; and the record is remitted to the commission for further proceedings not inconsistent with this opinion. The costs on appeal to be paid by the commission.
[1] This refers to section 2 of the same article, which provided: "Upon the approval of the commission evidenced by its Certificate of Public Convenience, first had and obtained, and not otherwise, it shall be lawful, etc."