Mercer Water Company, Appellant *v.* Pennsylvania Public Utility Commission et al.

Submitted April 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Stranahan & Sampson* and *Marshall & McCandless*, for appellant.

*Samuel G. Miller, Vincent P. McDevitt* and *James H. Duff*, Attorney General, for Public Utility Commission, appellee.

*L. R. Rickard, Paul H. Rhoads, John Fox Weiss* and *Weiss & Rhoads*, for Borough of Mercer, intervening appellee.

PER CURIAM, April 23, 1946:

The Borough of Mercer made an application to the Pennsylvania Public Utility Commission for approval of the acquisition of the Mercer Water Company, appellant, under the Act of April 29, 1874, P. L. 73, section 34, clause 7, 15 PS §1353. The water company moved to dismiss the application for want of necessary averments as it did not contain: (1) a description of the plant to be acquired; (2) a statement showing the cost of operation and revenue; (3) a statement of the precise manner the municipality proposed to finance the purchase; and (4) the borrowing capacity of the municipality and a copy of the resolution of the borough authorizing the purchase.

The commission refused the motion because "the matters set forth by the motion as lacking in the application are either within the knowledge of the pro-

testant rather than the applicant or are properly the subject of evidence in this proceeding." See *Waynesboro Water Company v. P. S. C.*, 78 Pa. Superior Ct. 143, and *Pottstown Borough v. Pa. P. U. C.*, 144 Pa. Superior Ct. 220, 19 A. 2d 610. Hearings were ordered to be held in due course. The water company appealed.

The refusal of this application raising procedural matters over which the commission has full authority, (*Philadelphia Electric Company v. P. S. C.*, 314 Pa. 207, 213, 170 A. 296) is not an order reviewable under section 1101(a) of the Public Utility Law, 66 PS §1431, providing for appeal from "any order" of the commission.

This appeal from an interlocutory order, (*Citizens' Passenger Railway Company v. P. S. C.*, 271 Pa. 39, 114 A. 642) is hereby dismissed at the costs of appellant.