Womelsdorf Consolidated Water Co., Appellant,
v. Pennsylvania Public Utility Commission et al.

Argued December 9, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Charles H. Weidner,* with him *John D. Glase* and *Stevens & Lee,* for appellant.

*John W. Mentzer,* with him *Vincent P. McDevitt* and *James H. Duff,* Attorney General, for Pennsylvania Public Utility Commission, appellee.

*Paul H. Rhoads,* with him *Weiss, Rhoads & Sinon* and *Richard T. Williamson,* for Borough of Womelsdorf, intervening appellee.

OPINION BY BALDRIGE, P. J., January 17, 1947:

The Borough of Womelsdorf petitioned the Pennsylvania Public Utility Commission for a certificate of public convenience evidencing its approval of the borough acquiring by purchase, as provided by section 34, clause 7, of the Act of April 29, 1874, P. L. 73, 15 PS §1353, all the works and property of the Womelsdorf Consolidated Water Company, used in furnishing water to the public in, and adjacent to, the Borough of Womelsdorf, Berks County. To this petition the water company filed no answer. The borough, following a refusal of the request to examine the water company's books and records, etc., filed a second petition with the commission asking for an order directing permission to make such an examination to secure the necessary data, which is in the sole and exclusive possession of the water company, to prepare the case for submission to the commission.

An answer filed to this petition denied the borough's right to examine the books and alleged "that the entry of the order sought by petitioner at this stage of the proceedings, and without a hearing on the question of the petitioner's ability to pay the probable price which petitioner would have to pay for the respondent's prop-

erty as determined by law, would be without due process of law and in violation of the 5th and 14th Amendments to the Constitution of the United States of America and of Article I, Section 9, of the Constitution of the Commonwealth of Pennsylvania."

Respondents also denied the right of the borough to purchase a portion of its property, which is an integral system furnishing water not only to the inhabitants of Womelsdorf, but to those of Robesonia, Berks County, and asked for a hearing on the issues raised by its answer.

On August 19, 1946, the commission, without a hearing, entered an order directing the water company to permit the borough to have access to its books and records as prayed for, such examination to be made at any reasonable time or times. It is from this order that the water company has appealed. The appeal must be dismissed as, in our judgment, it has been taken from an interlocutory order and therefore is not reviewable by this court: *Citizens Passenger Railway Company v. Public Service Commission et al.,* 271 Pa. 39, 114 A. 642; *Philadelphia Electric Company v. Public Service Commission et al.,* 314 Pa. 207, 171 A. 690; and *Mercer Water Company v. Pa. Public Utility Commission,* 159 Pa. Superior Ct. 69, 46 A. 2d 597. It is apparent that the legislature never contemplated that a proceeding, over which the commission has jurisdiction, should be postponed awaiting a decision of the court in a collateral action to obtain a writ of mandamus, or that orders relating to procedural matters, made by the commission in the course of a pending proceeding, could be the subject of appeal before the entry of a final order. In either event an indefinite, and in some instances an almost intolerable delay, and a large amount of unnecessary expense would result before the issues would be finally determined.

Under the Public Utility Law of 1937, May 28, P. L. 1053, art. II, §203(b), 66 PS §1123, it is provided that

the commission shall hold hearings in granting or refusing a certificate of public convenience "and, *before or after hearing,* it may make such inquiries, physical examinations, valuations, and investigations, and may require such plans, specifications, and estimates of cost, as it may deem necessary or proper in enabling it to reach a finding or determination." (Italics supplied.)

Under article X, §1008, 66 PS §1398, the "commission may, on its own motion and whenever it may be necessary in the performance of its duties, investigate and examine the condition and management of any public utility or any other person or corporation subject to this act. In conducting such investigations the commission may proceed, either with or without a hearing, as it may deem best, but it shall make no order without affording the parties affected thereby a hearing." That is, no final order shall be entered without a hearing.

Article X, §1009, 66 PS §1399, provides that the commission shall have the power "or compel the production of such books, records, papers, and documents as it may deem necessary or proper in, and pertinent to, any proceeding, investigation, or hearing, held or had by it, and to do all necessary and proper things and acts in the lawful exercise of its powers or the performance of its duties."

These sections clearly indicate that broad powers were intended to be given to the commission to carry out the purpose of our utility legislation.

The appellant admits the commission had jurisdiction, but insists that the procedure resorted to is contrary to established practice and is not in conformity with the rulings in *Williamsport v. Citizens' Water and Gas Co.,* 232 Pa. 232, 81 A. 316, and *Pottstown Borough v. Pa. Public Utility Commission,* 144 Pa. Superior Ct. 220, 19 A. 2d 610; that the appropriate remedy to obtain an examination of the books and records of the company to determine whether the borough could pay the necessary price for the works under its borrowing power,

was by a preliminary mandamus proceeding. It asserts further that the borough could not acquire only a part of the system.

In the *Williamsport* case the so-called "old practice" was approved. Thereunder when a municipality attempted to acquire a water company the proper preliminary procedure in order to estimate the price to be paid, if an examination of the books was refused, was to apply for a writ of mandamus to require the water company to comply with such a request. Should the water company thereafter refuse to sell on being offered the computed price it became necessary to make an application for another writ of mandamus to compel the conveyance of the water works, etc. The defendant then could raise any issues of fact which it deemed essential to a proper determination, including the amount to be paid to the water company, as in other instances where property is taken by the state or a municipality. That case was decided prior to the first Public Service Law of 1913. Of course the procedure before our Public Service Commission to obtain a certificate of public convenience was given no consideration, so that case is not controlling.

Appellant lays great stress on our opinion in *Pottstown Borough v. Pa. P. U. C.,* supra. The primary questions involved were (1) what procedure should be followed by a borough seeking to acquire ownership of a water company, with special reference to the time when it must seek the consent of the Public Utility Commission, and (2) whether the procedure was affected by the fact that the proceedings were instituted when the Public Service Law of July 26, 1913, P. L. 1374, was in force, but not completed on June 1, 1937, when the 1937 Public Utility Law, supra, which superseded the 1913 Act, went into effect. The question now before us was not involved or decided in that case. A careful study of the opinion convinces us that it does not support the appellant's contention. To the contrary, cer-

tain comments therein conform to the commission's order. The late President Judge KELLER pointed out that an uncertainty existed as to the legal course of action to be followed under the Act of 1874, which was resolved by the Supreme Court in the *Williamsport* case, supra, and as there outlined was the one to follow until the Public Service Law of 1913 was passed, but after the effective date thereof the approval by the commission was the first step necessary, "putting it in the place of the preliminary mandamus referred to in the Williamsport case." He cited with approval the opinion of Judge LINN, now Mr. Justice LINN of the Supreme Court, in *Waynesboro Water Co. v. Public Service Commission,* 78 Pa. Superior Ct. 143, stating p. 227: ". . . approval, in the form of its [Public Service Commission] certificate of public convenience, is the very first step in the procedure, and any action looking to the acquisition of the water plant by mandamus proceeding before securing such approval was irregular and improper, and contrary to the procedure prescribed by the Supreme Court."

In *New Brighton Borough v. New Brighton Water Co.,* 247 Pa. 232, 93 A. 327, the water company appealed from the granting of a peremptory writ of mandamus commanding it "to furnish" the borough with a statement of the net cost of construction and maintenance of their plants. The order was reversed on the ground that the company was not bound to give the city a detailed and itemized statement as they are only required, under proper circumstances, to permit an investigation of their books, plant, etc. This proceeding was instituted prior to the passage of the 1913 Act, but a decision was filed thereafter. The court in the course of its opinion stated that one of the purposes of the Public Service Act of 1913 was to furnish, in cases where a municipality was seeking to buy a utility, a more flexible procedure than previously existed for ascertaining facts and reaching conclusions and also

a complete and satisfactory system under which the relevant facts can be brought out and fully developed.

It thus appears that under existing laws the proper and only procedure for a borough to acquire the plant and works of a water company, is to apply first for a certificate of public convenience. The borough then may obtain the necessary information concerning the price to be offered for the water company's property under the commission's order for the examination of its books, etc.

We find no merit in the contention that the borough has no legal right to acquire only a part of appellant's property. The present order is preliminary and procedural in the sense that it is used simply for the purpose of obtaining information respecting a proper price which should be offered for the property, etc., which shall later be developed before the commission at a hearing held as the statute expressly provides. In the meantime the appellant is not harmed, is not deprived of possession or enjoyment of its property, nor prevented or prejudiced in asserting any of its rights. It may have ample opportunity to present all matters relevant to the issues before the commission at a hearing, which must be held before a final order is entered.

Appellant makes the bald assertion that the order of the commission, directing an examination of its books and records by the borough, is unconstitutional, but advances neither facts nor argument to support that contention.

As stated by Mr. Justice STONE in *Opp Cotton Mills, Inc., v. Administrator of Wage and Hour Division, etc.,* 312 U. S. 126, 85 L. Ed. 624, 61 S. Ct. 524, at pp. 152, 153: "The demands of due process do not require a hearing at the initial stage or at any particular point or at more than one point in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective."

The appeal is dismissed at appellant's costs.