Sayre Land Company, Appellant, *v.* Pennsylvania
Public Utility Commission et al.

2

Argued April 18, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry H. Frank,* with him *Robert H. Griswold* and *McNees, Wallace & Nurick,* for appellant.

*William J. Grove,* Assistant Counsel, with him *Jack F. Aschinger,* Assistant Counsel, *Albert E. Luttrell* and *Charles E. Thomas,* Counsel, for appellee.

*Frank A. Sinon,* with him *Edward C. O'Connor, Charles E. Mills* and *Rhouds & Sinon,* for intervening appellees.

Opinion by Rhodes, P. J., July 20, 1950:

The Borough of Athens and the Borough of Sayre, acting under section 34, clause 7, of the Act of April 29, 1874, P.L. 73, 15 PS § 1353, seek to acquire by purchase the waterworks and water service properties owned by The Sayre Land Company situated in and adjacent to the respective boroughs. Accordingly, on June 1, 1949, each borough filed an application by petition with the Pennsylvania Public Utility Commission for a certificate of public convenience evidencing approval by the Commission of such acquisition by the respective boroughs. The procedure was in accordance with that outlined in *Mercer Water Co. v. Pennsylvania Public Utility Commission*, 159 Pa. Superior Ct. 69, 46 A. 2d 597, and *Womelsdorf Consolidated Water Co. v. Pennsylvania Public Utility Commission*, 160 Pa. Superior Ct. 298, 50 A. 2d 548. Cf. *Pottstown Borough v. Pennsylvania Public Utility Commission*, 144 Pa. Superior Ct. 220, 19 A. 2d 610. The petitions of the boroughs set forth that The Sayre Land Company, incorporated in 1879 for the purpose of purchasing, improving, and selling real estate, constructed a reservoir, waterworks, and distribution system which it operated in supplying water to the public for compensation in the boroughs of Athens and Sayre. The petitions further stated that The Sayre Land Company on May 27, 1885, leased its reservoir, waterworks, and distribution system to The Sayre Water Company, a corporation having the same officers, directors, and shareholders, at an annual rental of $5,000; that by supplemental lease dated May 28, 1896, and still in effect, The Sayre Water Company pays The Sayre Land Company a rental equivalent to its net earnings, less six per cent on its capital stock of $5,000 par value. Copies of the leases between The Sayre Land Company, lessor, and The Sayre Water Company, lessee, were attached as exhibits to the petitions. To these petitions The

Sayre Land Company filed no answers. Cf. *Womelsdorf Consolidated Water Co. v. Pennsylvania Public Utility Commission,* supra, 160 Pa. Superior Ct. 298, 299, 50 A. 2d 548.

On September 22, 1949, the applicant boroughs filed with the Commission identical petitions for access to the books, records, and property of The Sayre Land Company in order that the boroughs might secure the data required to compute the purchase price to be paid for the waterworks and property, which are the basis of the respective applications, under the formula set up by section 34 of the Act of April 29, 1874, P.L. 73, 15 PS § 1353. This Act fixes the price of such works and property as "the net cost of erecting and maintaining the same, with interest thereon at the rate of ten per centum per annum, deducting from said interest all dividends theretofore declared." The petitions of the boroughs for access to the books, records, and property of The Sayre Land Company also set forth in detail averments as to the relationship of the land company and the water company; and copies of the leases between the two corporations were included.

On November 1, 1949, The Sayre Land Company filed motions to dismiss the boroughs' petitions for access to the books, records, and property of that company. The motions to dismiss expressly reserved the "right to answer on the merits, if so required." The motions averred, inter alia, that the "Mere ownership of property capable of being used in furnishing water service which is leased to a water company operating under the jurisdiction of, and regulation by the Pennsylvania Public Utility Commission does not constitute the owner of such property a public utility within the jurisdiction of the Public Utility Commission"; that "The Sayre Land Company is not a public utility within the meaning of Section 202 (e) [66 PS § 1122] of

the Public Utility Law so as to confer jurisdiction upon the Public Utility Commission in proceedings brought to compel a transfer of its property"; that exercise by the Commission of jurisdiction over The Sayre Land Company in this proceeding would (a) be in excess of the powers conferred upon the Commission under the Public Utility Law, (b) constitute an impairment of the obligation of the contract contained in the charter of The Sayre Land Company in violation of constitutional provisions, (c) deprive The Sayre Land Company of its property in contravention of the Fourteenth Amendment to the Constitution of the United States and of sections 1, 9, and 10, Article I, of the Constitution of Pennsylvania, (d) render the Public Utility Law void as special legislation which is forbidden by Article III, section 7, of the Constitution of Pennsylvania.

Answers were filed by the boroughs to The Sayre Land Company's motions to dismiss their petitions for access to its books, records, and property. The answers in general denied the allegations of the land company that it was not a public utility subject to the jurisdiction of the Commission, and subject to acquisition proceedings under section 34, clause 7, of the Act of April 29, 1874, P.L. 73, 15 PS § 1353.

The Commission considered the respective petitions for access, motions to dismiss, and answers thereto without hearings. The Commission found that The Sayre Land Company, as owner and lessor of facilities being used to furnish water to the public, was a public utility as defined in the Act (Article 1, § 2, (17) (b), of the Act of May 28, 1937, P. L. 1053, 66 PS § 1102) and subject to the jurisdiction of the Commission. The Commission by its orders denied The Sayre Land Company's motions to dismiss the petitions of the boroughs for access to its books, records, and property, and di-

rected The Sayre Land Company to permit the respective boroughs to have access thereto at any reasonable time or times for the necessary examination or examinations.

These appeals by The Sayre Land Company are from the orders of the Commission overruling appellant's motions to dismiss and granting the boroughs' petitions for access to the books, records, and property of the land company. Both appeals will be disposed of in one opinion as they involve the same questions. Appellant before us has raised the same objections which it made to the Commission in its motions to dismiss the petitions for access—that it is not a public utility subject to the Commission's order in this proceeding, and that the orders of the Commission ordering it to permit the boroughs or their duly authorized representatives to have access to its books, records, and property deprive it of constitutional rights. Appellant also contends that it was denied procedural due process in that the Commission found jurisdiction solely on the averments of the petitions for access and the motions to dismiss without giving appellant an opportunity to answer over and without a hearing on jurisdictional factual issues.

The appeals will be quashed as the orders from which they were taken are not final and appealable orders under section 1101 (a) of the Public Utility Law of May 28, 1937, P.L. 1053, 66 PS § 1431. *Citizens Passenger Railway Co. v. Public Service Commission,* 271 Pa. 39, 114 A. 642 (reversing 75 Pa. Superior Ct. 238 on the question of appealability of an order of the Commission held interlocutory) ; *Philadelphia Electric Co. v. Public Service Commission,* 314 Pa. 207, 171 A. 690; *Mercer Water Co. v. Pennsylvania Public Utility Commission,* supra, 159 Pa. Superior Ct. 69, 46 A. 2d 597; *Womelsdorf Consolidated Water Co. v. Pennsylvania*

*Public Utility Commission,* supra, 160 Pa. Superior Ct. 298, 300, 50 A. 2d 548. The Commission's orders permitting access by the boroughs to the books, records, and property of appellant are ancillary to the main proceedings for the acquisition by the boroughs of the properties used to supply water to the public. An essential part of such proceedings, under section 34, clause 7, of the Act of April 29, 1874, P.L. 73, 15 PS § 1353, is the approval by the Commission of such acquisition which is evidenced by the Commission's certificates of public convenience. In those proceedings appellant is afforded an opportunity to request hearings, and present evidence on any relevant questions. As we said in *Womelsdorf Consolidated Water Co. v. Pennsylvania Public Utility Commission,* supra, 160 Pa. Superior Ct. 298, 304, 50 A. 2d 548, 551: "The present order is preliminary and procedural in the sense that it is used simply for the purpose of obtaining information respecting a proper price which should be offered for the property, etc., which shall later be developed before the commission at a hearing held as the statute expressly provides. In the meantime the appellant is not harmed, is not deprived of possession or enjoyment of its property, nor prevented or prejudiced in asserting any of its rights. It may have ample opportunity to present all matters relevant to the issues before the commission at a hearing, which must be held before a final order is entered."

Appellant admits that, under the Womelsdorf case, the present orders of the Commission would ordinarily be interlocutory, but it contends that, since its motions to dismiss the boroughs' petitions for access challenge the jurisdiction of the Commission over the parties and the subject matter, the rulings of the Commission thereon are appealable and not interlocutory. As Mr. Justice SIMPSON pointed out at length in *Citizens Pass-*

*enger Railway Co. v. Public Service Commission,* supra, 271 Pa. 39, 52-54, 114 A. 642, and *Philadelphia Electric Co. v. Public Service Commission,* supra, 314 Pa. 207, 215, 171 A. 690, under section. 31 of Article VI of The Public Service Company Law of July 26, 1913, P.L. 1374, as amended (which corresponds in substance to section 1111 of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS § 1441)[1] in cases where the Commission does not dismiss for lack of jurisdiction, but persists in entertaining jurisdiction, a person desiring to question the jurisdiction of the Commission over the parties or the subject matter may do so by applying for an injunction against the Commission in the Court of Common Pleas of Dauphin County. This statutory method for deciding the question in limine, said Mr. Justice SIMPSON, is similar to the remedy provided by the Act of March 5, 1925, P.L. 23, 12 PS § 672 (superseded by Rule 1017 of the Pennsylvania Rules of Civil Procedure) permitting jurisdictional questions to be raised in limine in ordinary actions at law or in equity. It would appear, therefore, that in cases like the present where the Commission "persists in entertaining jurisdiction" the statutory remedy given in section 1111 of the Act, 66 PS § 1441, by injunction is an exclusive remedy. Where a remedy or method of procedure is provided by an act, its provisions must be strictly pursued and exclusively applied. Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, § 13, 46 PS § 156; *Colteryahn*

---

[1] "No injunction shall issue modifying, suspending, staying, or annuling any order of the commission, or of a commissioner, except in a proceeding questioning the jurisdiction of the commission, and then only after cause shown upon a hearing. The court of common pleas of Dauphin County is hereby clothed with exclusive jurisdiction throughout the Commonwealth, of all proceedings for such injunctions, subject to an appeal to the Superior Court as aforesaid." Section 1111 of the Act of May 28, 1937, P.L. 1053, 66 PS § 1441.

*Sanitary Dairy v. Milk Control Commission*, 332 Pa. 15, 23, 24, 1 A. 2d 775; *Bartron v. Northampton County*, 342 Pa. 163, 168, 19 A. 2d 263; *Commonwealth v. Lentz*, 353 Pa. 98, 104, 44 A. 2d 291.

The orders of the Commission in the present cases do not deprive appellant of any constitutional rights. All facts necessary to a preliminary determination of jurisdiction by the Commission appeared from the pleadings, and there was no duty resting on the Commission to give appellant an opportunity to answer over on this preliminary issue. Counsel for appellant admitted on the oral argument that no new material facts would be adduced if appellant were given an opportunity to file further answers to the boroughs' petitions for access. By the preliminary orders appellant has not been deprived of the opportunity to be heard on any alleged right. Our quotation from *Opp Cotton Mills, Inc., v. Administrator of Wage and Hour Division, etc.*, 312 U.S. 126, 61 S. Ct. 524, 85 L. Ed. 624, in *Womelsdorf Consolidated Water Co. v. Pennsylvania Public Utility Commission*, supra, 160 Pa. Superior Ct. 298, 304, 50 A. 2d 548, 552, is applicable: "The demands of due process do not require a hearing at the initial stage or at any particular point or at more than one point in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective." In *Commonwealth v. Lentz*, supra, 353 Pa. 98, 103, 44 A. 2d 291, 293, our Supreme Court said: "Due process of law is not denied when prescribed administrative procedure is faithfully pursued upon due notice and with an opportunity to the party to be charged to be heard before the matter becomes final and a right to court review."

Appeals are quashed.