# Reynoldsville Boro. *v.* Reynoldsville Water Co., Appellant.

*Corporations—Water companies—Water works—Acquisition by municipality—Acts of May 31, 1907, P. L. 355, and April 29, 1874, P. L. 73, Sec. 7—Public Service Company Law of July 26, 1913, P. L. 1374, Art. 3—Inspection of books—Mandamus.*

1. The Act of May 31, 1907, P. L. 355, providing a method of determining the price when a municipality is willing to buy the plant of a water company, which the latter is willing to sell, is not inconsistent with section 7 of the Act of April 29, 1874, P. L. 73, providing a procedure by which a municipality may compel a conveyance to itself of a privately owned water plant within its boundaries, and does not expressly or by implication repeal the earlier statute.

2. The Act of July 26, 1913, P. L. 1374, Art. 3, requiring the approval of the Public Service Commission to the acquisition by a municipality of the plant of a water company does not effect a change of procedure merely, but qualifies the former rights of municipalities to take over the property of water companies within their limits and is not retroactive, so as to require the approval of the commission of proceedings pending at the date when the act became effective.

3. A mandamus will issue at the instance of a municipality which has elected to take over the plant of a water company, under the Act of April 29, 1874, P. L. 73, to compel the water company to allow access to its books and papers so that information as to the value of the plant can be secured.

Argued Sept. 30, 1914. Appeal, No. 115, Oct. T., 1914, by respondents, from decree of C. P. Jefferson Co., Nov. T., 1913, No. 92, awarding mandamus in case of The Burgess and Town Council of the Borough of Reynoldsville v. The Reynoldsville Water Company, George Mellinger, President, and M. M. Davis, Secretary, of said company. Before BROWN, MESTREZAT, ELKIN, STEWART, and MOSCHZISKER, JJ. Affirmed.

Petition for mandamus. Before REED, P. J.

The opinion of the Supreme Court states the facts.

The case was tried without a jury by agreement of counsel. The court awarded a writ of peremptory mandamus. Respondents appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and conclusions of law of the trial judge and the decree of the court.

*H. H. Mercer,* with him, *G. M. McDonald,* for appellant.

*Raymond E. Brown,* with him *W. N. Conrad, Smith M. McCreight* and *Arthur B. Stewart,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 2, 1915:

The appellant is a public service corporation, incorporated and organized in 1888 under the provisions of the Act of April 29, 1874, P. L. 73, for the purpose of supplying the Borough of Reynoldsville and its inhabitants with water. The company having exercised the privilege conferred by its charter for more than twenty years, the Borough of Reynoldsville by resolution of the proper authorities passed May 6, 1913, signified a desire to become the owner of the water works erected and operated by the water company, in accordance with the provisions of the 7th section of the said Act of 1874. Notice of the adoption of this resolution was duly served on the water company, accompanied with the request for permission to examine the books and records of the company in order to ascertain the cost of erecting and maintaining the company's plant. Permission having been refused, an application to the Court of Common Pleas by the borough for a writ of mandamus was so proceeded with, that judgment was entered for the petitioner, and a writ accordingly issued, commanding the water company "to give the borough, its officers and agents, access to its books and papers showing as fully and completely as the defendant has in its possession and under its

control, the data of cost of erecting and maintaining its water plant, and the dates and amounts of dividends by it theretofore declared, and also, if desired, permission to make a final examination of the plant and property." The appeal is from the judgment on which the mandamus order was based. The principal question raised is whether the 7th section of the Act of April 29, 1874, P. L. 73, under which the proceeding was begun, is not repealed by the Act of May 31, 1907, P. L. 355. If the later repeals the earlier act, the present proceeding of course must fall and the judgment be reversed. Our reasons for holding that both are operative may be briefly stated. The repealing clause in the Act of May 31, 1907, P. L. 355, invalidates only such prior acts as are inconsistent with its provisions; it contains no express repeal of the earlier Act of April 29, 1874, P. L. 73, and therefore the latter remains in force except as it so conflicts with the earlier that both may not operate. Both have to do with the acquisition by the municipality of water works owned and operated by private interests. A very marked distinction between the two is, that one, the earlier, provides for an adverse acquisition by the municipality, upon fixed terms to which the water company must submit. The 7th section of the act recites:

"It shall be lawful, at any time after twenty years from the introduction of water or gas, as the case may be, into any place as aforesaid, for the town, borough, city or district into which the said company shall be located, to become the owner of said works, and the property of the said company, by paying therefor the net cost of erecting and maintaining same, with interest thereon at the rate of 10 per cent. per annum, deducting from said interest all dividends theretofore declared."

It was thus made a condition of the charter of such companies—evidently in view of the fact that the exclusive privilege given them, under the terms of the act, might become oppressive to the municipality—that after

twenty years' enjoyment of the franchise given, they would upon demand of the municipality, and payment of the prescribed consideration, transfer their entire property to the latter. The act was compulsory. The later Act of May 31, 1907, P. L. 355, confers no right to acquire adversely the property of water companies, but simply provides a method of ascertaining the price to be paid in cases where one party is willing to buy and the other to sell. The act provides that in such case the Court of Common Pleas shall appoint three disinterested civil engineers to value or appraise the plant or system and the property used in connection therewith and necessary for its purposes; the report of said appraisers to be final unless appealed from. It further provides that when the valuation shall have been finally determined, the corporation shall within ten days after such determination, and request of the municipality, file in the court its consent and election to sell and convey its plant, system and property to the municipality at the valuation determined upon, and that upon default so to do "such corporation shall cease to have any exclusive privilege of supplying said municipality, or the citizens thereof, with water, and said municipality may install or cause to be installed such plant or system as the authorities may deem necessary." Manifestly, the procedure here prescribed leaves it optional with the water company to accept or decline. True, if it happen to be a water company exercising an exclusive privilege, the act provides that the exclusive privilege shall be forfeited in case of refusal to convey, but this makes it none the less optional with the water company. It simply imposes additional terms, and that too in the exercise of a more than doubtful authority if the exclusive privilege be a chartered right.

If we have rightly distinguished between the legislative purpose in the one act and in the other, it may be somewhat difficult to explain the wisdom of or necessity for the later act; but that is not for us. It is sufficient to

know that the two acts may subsist together, the one providing a procedure by which the municipality may enforce a conveyance to itself of a privately owned water plant within its boundaries, the other, a procedure by which a just and equitable consideration may be reached when one party is willing to buy and the other to sell. This being so, nothing short of an express repeal of the earlier act would invalidate it. Our conclusion is that the present proceeding was properly brought under the Act of April 29, 1874, P. L. 73.

Another objection urged by the appellant is, that the proceeding to take over the property of the water company was without the approval of the Public Service Commission first had and obtained, as required by Article 3 of the Act of July 26, 1913, P. L. 1374. In answer to this it is only necessary to say that by the express terms of this act it did not take effect until the 1st of January, 1914. At that date the present proceeding was pending, it having been instituted on the law side of the court 8th September, 1913. It is a mistake to suppose that the act merely effected a change in procedure and was therefore retroactive. It operated directly upon the rights of a municipality by qualifying its right to acquire at its own pleasure the property of a water company within its limits, and therefore it can only be allowed retroactive effect as such a result is expressly declared in the act itself: Kille v. Iron Works, 134 Pa. 225.

For the reasons stated the judgment is affirmed.