White Oak Borough Authority Appeal.

Argued October 7, 1952.   Before STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Alexander J. Bielski,* for appellant.

*Harry H. Meizlik,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE BELL, January 5, 1953:

This is an appeal from the Order of the Court of Common Pleas of Allegheny County which sustained preliminary objections filed by the City of McKeesport and dismissed a petition for the appointment of viewers. The following facts must be considered (for purposes of this appeal) as admitted:

White Oak Borough Authority was organized under the Municipality Authorities Act of May 2, *1945,* P. L. 382 et seq., 53 PS 2900z-1 et seq. The Borough of White Oak thereafter delegated to the Authority certain specific powers including the acquisition, construction, improvement, maintenance, extension and operation of a water works and a water distribution system for all or any part or parts of the Borough of White Oak, including "the acquisition of such land for . . . fire hydrants . . . by the exercise of the right of eminent domain . . . as the Board of said Authority may authorize if necessary for said project, for a supply of water for domestic, commercial, industrial and other uses, and for fire protection, in all or any part or parts of said Township."

*Since 1907* the City of McKeesport has been furnishing (indispensable) water to the inhabitants of the Borough of White Oak with its knowledge but without any express authority or consent and without ever obtaining a certificate of public convenience from the Public Utility Commission of the Commonwealth of Pennsylvania. *White Oak Borough is outside the corporate limits of the City of McKeesport.*

In *1940* the City of McKeesport constructed a six-inch water line on Henderson Avenue in White Oak

Borough and since that time has rendered water service to the residents along Henderson Avenue. This water line was constructed and water was furnished by the City of McKeesport without any permission from the municipal authorities of White Oak Borough and without any certificate of public convenience from the Public Utility Commission. Such certificate is clearly required under Sec. 2029 of the Public Utility Law of May 28, 1937.*

On May 21, *1951*, the Authority by Resolution condemned 1500 feet of the City's water line along Henderson Avenue for the purpose of providing fire protection; next day it filed its general bond as security for the taking and condemnation of the aforesaid property. On August 22, 1951, the Authority filed a petition for the appointment of viewers to assess damages resulting from the condemnation of the Henderson Avenue pipeline. Viewers were appointed and a view was directed to be made.** The City of McKeesport then filed preliminary objections to the appointment of

---

* The Public Utility Law of May 28, 1937, P. L. 1053, Art. II, Sec. 202, as amended, 66 PS sec. 1122, specifically provides: "Enumeration of acts requiring certificate. Upon approval of the commission, evidenced by its certificate of public convenience first had and obtained, and upon compliance with existing laws, and not otherwise, it shall be lawful . . . (g) For any municipal corporation to acquire, construct, or begin to operate, any plant, equipment, or other facilities for the rendering or furnishing to the public of any public utility service beyond its corporate limits."

** While this case was pending, the Authority filed a complaint against the City of McKeesport to quiet title in and by virtue of which proceedings the Authority attempted unsuccessfully to acquire the title to the entire water system of the City, which was located in the Borough of White Oak, including the water line on Henderson Avenue, which is the subject of this suit. See *Versailles Township Authority v. McKeesport*, 171 Pa. Superior Ct. 377, 90 A. 2d 581.

viewers on the ground that the Authority was not authorized to exercise the right of eminent domain against the water lines and facilities owned or used by the City of McKeesport. These preliminary objections, as hereinbefore noted, were sustained by the lower Court, whereupon this appeal was filed.

Neither Authorities nor Municipalities are sovereigns; they have no original or inherent or fundamental powers of sovereignty or of legislation; they have only the power and authority granted them by enabling statutory legislation. Cf. *Genkinger v. New Castle,* 368 Pa. 547, 84 A. 2d 303; *Kline v. Harrisburg,* 362 Pa. 438, 68 A. 2d 182; *Murray v. Phila.,* 364 Pa. 157, 71 A. 2d 280.

The pertinent Act covering the unusual situation here involved is the Municipality Authorities Act of May 2, 1945, supra, as amended by Act of June 12, 1947, P. L. 571, Sec. 1, which provides in Sec. 11: "The Authority shall have the power to acquire, by purchase or eminent domain proceedings, either the fee or such right, title, interest or easement in such lands, water and water rights as the Authority may deem necessary for any of the purposes mentioned in this act: Provided, however, That water and water rights may not be acquired unless and until approval is obtained from the Water and Power Resources Board in accordance with the law in such cases made and provided: And provided further, That no property *owned or used by* the United States, the Commonwealth of Pennsylvania, *any political subdivision thereof, . . .* nor any property of a public service company . . . shall be taken under the right of eminent domain."

Where a municipality operates a water system it is, ad hoc, a private business corporation: *Shirk v. Lancaster City,* 313 Pa. 158, 169 A. 557; *Western Saving Fund Soc. v. Philadelphia,* 31 Pa. 175; *Versailles*

*Township Auth. v. McKeesport,* 171 Pa. Superior Ct. 377, 90 A. 2d 581; *Bell v. Pittsburgh,* 297 Pa. 185, 189, 146 A. 567. A city in the operation of a water system is acting not in its sovereign or public or governmental, but in its private or proprietary capacity: *Madden v. Borough of Mt. Union,* 322 Pa. 109, 112, 185 A. 275; *Gas & Water Co. v. Carlisle Borough,* 218 Pa. 554, 557, 67 A. 844; *Com. v. P. R. T. Co.,* 287 Pa. 70, 134 A. 452.

An Authority or a Municipality when acting in its private or proprietary capacity, is considered as a general rule, to be a separate entity acting for its own private purposes and not as a subdivision of the State: McQuillin, Municipal Corporations, 3rd Ed., Sec. 2.09, p. 462. However, when we construe an act of the legislature we must determine what that particular act means when it refers to a political subdivision of the Commonwealth of Pennsylvania.

We need not decide whether the City of McKeesport—acting without any doubt for the benefit of the inhabitants of the Borough of White Oak, but outside its corporate limits and in a private or proprietary capacity—was a political subdivision within the meaning of the Municipality Authorities Act, because if it was not, it was certainly acting in the capacity of a public service company and in either event its property cannot be taken by an Authority under its power of eminent domain.

Moreover, Section 9b of the Municipality Authorities Act of May 2, 1945, supra, provides: "No Authority shall acquire *by any device or means whatsoever* . . . the title to or the possession or use of all or any substantial portion of *any project* as defined in this act, which said project is *subject to the jurisdiction of the Pennsylvania Public Utility Commission,* without the approval of the commission, evidenced by its cer-

tificate of public convenience, first had and obtained . . . ." Sec. 2(j) provides: "The term 'project' shall mean any structure, facility or undertaking which an Authority is authorized to acquire, construct, improve, maintain or operate under the provisions of this Act": "Project" undoubtedly includes the water rights and facilities which are the subject of this suit.

The City of McKeesport in operating a water distribution system beyond its corporate limits is subject, as we have seen, to the jurisdiction of the Pennsylvania Public Utility Commission and consequently this Authority cannot acquire by any device or means whatsoever all or any part of the City's water Distribution system without first obtaining the approval of the Pennsylvania Public Utility Commission. The Authority has not obtained such a certificate of public convenience from the Commission. For these reasons the action of the Court below was correct in sustaining the City's preliminary objections and dismissing the Authority's petition for the appointment of viewers.

The Order of the Court below is affirmed without prejudice to the right of the White Oak Borough Authority to apply to the Public Utility Commission for a certificate of public convenience and to have its rights and powers determined by such Commission or in any other proper proceeding.