White Oak Borough Authority, Appellant, *v.*
Pennsylvania Public Utility Commission.

Argued November 10, 1953.   Before RHODES, P. J.,
HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Alexander J. Bielski,* for appellant.
*Harris J. Latta, Jr.,* Assistant Counsel, with him

*Jack F. Aschinger,* Assistant Counsel and *Lloyd S. Benjamin,* Counsel, for Pennsylvania Public Utility Commission, appellee.

OPINION BY RHODES, P. J., March 16, 1954:

This appeal is from an order of the Pennsylvania Public Utility Commission dismissing, without prejudice and without a hearing, an application by White Oak Borough Authority for a certificate of public convenience evidencing commission approval of the acquisition by the Authority of certain existing water facilities located within the Borough. The facilities consist of the following: (a) Water lines installed in public streets and paid for by the City of McKeesport; (b) water lines installed in public streets and paid for by Versailles Township, predecessor of White Oak Borough; (c) water lines installed in public streets and paid for by individuals in connection with lot and plan developments; and (d) water lines and fire hydrants installed and paid for by White Oak Borough Authority.

The application filed by the Authority set forth that the City of McKeesport since 1907 had been furnishing

water in White Oak Borough, which is beyond the corporate limits of the City; that the City was to that extent a public service company and subject to the jurisdiction of the Commission; that the Authority was created under the Municipality Authorities Act of May 2, 1945, P. L. 382, as amended, 53 PS §2900z—1 et seq.; and that the Authority desired to acquire the water facilities owned and operated by the City which were located solely within the Borough.

The Authority relied upon the following legislation and precedent as a legal basis for such acquisition: (a) The Public Utility Law of 1937, as amended; (b) the Municipality Authorities Act of 1945, P. L. 382, as amended; (c) section 34, clause 7, of the Act of April 29, 1874, P. L. 73; (d) *White Oak Borough Authority Appeal,* 372 Pa. 424, 93 A. 2d 437. Without requiring an answer to the application and without a hearing, the Commission concluded that, under the facts averred, the Authority had not shown any procedure by which it was entitled to acquire adversely and by compulsory process the water lines and facilities of the City of McKeesport within the Borough limits. Accordingly the Commission held that it could not exercise its jurisdiction to grant the certificate requested, and it denied the application of the Authority, without prejudice. From this order of the Commission the Authority has appealed.

This is not a case where the Commission persists in entertaining jurisdiction (*Reed v. Pennsylvania Public Utility Commission,* 174 Pa. Superior Ct. 132, 100 A. 2d 399), but one in which the Commission dismissed the application for lack of jurisdiction; and such order of the Commission is, without doubt, final and appealable. Cf. *Sayre Land Co. v. Pennsylvania Public Utility Commission,* 167 Pa. Superior Ct. 1, 74 A. 2d 713; *Philadelphia Electric Co. v. Public Service Commission,*

314 Pa. 207, 215, 171 A. 690; *Pottstown Borough v. Pennsylvania Public Utility Commission,* 144 Pa. Superior Ct. 220, 19 A. 2d 610.

The present proceeding represents at least the third attempt of this Authority, or its predecessor, to acquire and operate that part of the water system in the Borough originally installed and presently operated by the City of McKeesport. In *Versailles Township Authority v. McKeesport,* 171 Pa. Superior Ct. 377, 90 A. 2d 581, the predecessor of the present appellant brought an action to quiet title to the water distribution system within the Borough or Township, which in part had been installed and operated by the City of McKeesport. The trial court entered a judgment of nonsuit, and we affirmed, pointing out that the rights of the parties were not clearly defined on the record, and suggesting that the matter be settled amicably by agreement. In another proceeding the White Oak Borough Authority, the appellant herein, sought to exercise the power of eminent domain and acquire by condemnation the water lines and facilities wholly within the Borough, owned and operated by the City of McKeesport. On appeal our Supreme Court held that the Authority was not empowered by any applicable laws to exercise the power of eminent domain against the City of McKeesport. *White Oak Borough Authority Appeal,* supra, 372 Pa. 424, 428, 429, 93 A. 2d 437. The Supreme Court affirmed the order of the court below (page 429 of 372 Pa., page 439 of 93 A. 2d) "without prejudice to the right of the White Oak Borough Authority to apply to the Public Utility Commission for a certificate of public convenience and to have its rights and powers determined by such Commission or in any other proper proceeding."

Section 9 of the Municipality Authorities Act of May 2, 1945, P. L. 382, as amended, 53 PS §2900z—10,

requires approval by the Public Utility Commission where the Authority acquires a project, a substantial portion of which is subject to the jurisdiction of the Commission. This section provides as follows:

"B. No Authority shall acquire by any device or means whatsoever, including a consolidation, merger, purchase or lease, or through the purchase of stock, bonds or other securities, the title to or the possession or use of all or any substantial portion of any project as defined in this act, which said project is subject to the jurisdiction of the Pennsylvania Public Utility Commission, without the approval of the commission, evidenced by its certificate of public convenience first had and obtained, in accordance with the procedure and investigations as to value as outlined in section two hundred three of the act, . . . known as the 'Public Utility Law.' The commission shall also consider the earning power of the project in deciding the value thereof. The word 'acquire' as used in this paragraph shall include only the acquisition of existing facilities.

"The Authority shall first report to and advise the municipality or municipalities by which it was created of the agreement to acquire, including all its terms and conditions.

"The proposed action of the Authority, and the proposed agreement to acquire, shall be approved by the governing body of the municipality or municipalities which created or which are members of the Authority and to which the report is made. Where there are one or two member municipalities of the Authority, such approval shall be by two-thirds vote of all of the members of the governing body or of each of the governing bodies. If there are more than two member municipalities of the Authority, approval shall be by majority vote of all the members of each governing body of two-thirds of the member municipalities.

"C. This section, without reference to any other law, shall be deemed complete for the acquisition by agreement of projects, as defined in this act, located wholly within or partially without the municipality or municipalities causing such Authority to be incorporated, any provisions of other laws to the contrary notwithstanding, and no proceedings or other action shall be required except as herein prescribed."

This section of the Municipality Authorities Act of 1945, 53 PS §2900z—10, does not grant to appellant in this proceeding the right to compel the City of McKeesport to transfer to it that portion of the water lines and facilities which the City owns and operates in White Oak Borough. This portion of the Act contemplates acquisition "by agreement" only from a consenting owner with commission approval as a condition precedent. There has been no agreement between the Authority and the City; consequently the Act affords no aid to appellant who seeks acquisition by compulsory process. The Commission could exercise its jurisdiction to grant a certificate of public convenience only in so far as it is authorized by law. Furthermore, it is clear that section 11 of the Municipality Authorities Act of 1945, as amended, 53 PS §2900z—12, prohibits a municipal authority from acquiring by eminent domain any property owned or used by a political subdivision of the Commonwealth of Pennsylvania or any property of a public service company. *Versailles Township Authority v. McKeesport,* supra, 171 Pa. Superior Ct. 377, 90 A. 2d 581; *White Oak Borough Authority Appeal,* supra, 372 Pa. 424, 427, 428, 93 A. 2d 437.

Appellant relies principally upon the Act of April 29, 1874, P. L. 73, §34, cl. 7, 15 PS §1353, as providing a method for adverse acquisition of the water lines and facilities owned and operated by the City within White

Oak Borough. This section of the Act of 1874 provides: "It shall be lawful, at any time after twenty years from the introduction of water or gas, as the case may be, into any place as aforesaid, for the town, borough, city or district in which the said company shall be located, to become the owners of said works, and the property of said company, by paying therefor the net cost of erecting and maintaining the same, with interest thereon at the rate of ten per centum per annum, deducting from said interest all dividends theretofore declared." The Act makes it a condition of the charter of such a public service company incorporated thereunder that the municipality shall, after twenty years, have the right to adverse and compulsory acquisition of a water works operated by the public service company. *Reynoldsville Boro. v. Reynoldsville Water Company,* 247 Pa. 26, 28, 29, 92 A. 1082. We recognize that where a municipality operates a water system it is, to that extent, acting as a private business corporation. *White Oak Borough Authority Appeal,* supra, 372 Pa. 424, 427, 93 A. 2d 437; *Shirk v. Lancaster City,* 313 Pa. 158, 169 A. 557; *Versailles Township Authority v. McKeesport,* supra, 171 Pa. Superior Ct. 377, 90 A. 2d 581. And, under the Public Utility Law of 1937, it is necessary for a municipal corporation to secure commission approval before it may acquire the plant and water works from a public service company under the Act of 1874. *Womelsdorf Consolidated Water Co. v. Pennsylvania Public Utility Commission,* 160 Pa. Superior Ct. 298, 304, 50 A. 2d 548. Further, a municipality, in furnishing water or any public utility service beyond its corporate limits, is subject to the jurisdiction of the Commission and in many respects is to be treated the same as an ordinary public utility company. *Altoona v. Pennsylvania Public Utility Commission,* 168 Pa. Superior Ct. 246, 77 A. 2d 740. It does not follow;

however, as appellant contends, that the Act of 1874, §34, cl. 7, 15 PS §1353, furnishes statutory basis for a municipality, or municipal authority, to effect adverse acquisition of a water system owned and operated in the acquiring municipality by another unrelated municipality. Clause 7, section 34, of the Act of 1874, 15 PS §1353, becomes operative only where acquisition by a municipality is sought from a public utility incorporated under, and deriving its powers through, the Act of 1874. Clause 7 can have no application and does not cover a situation where, as here, a municipality operates a public utility beyond its corporate limits. A municipality so operating, though acting pro tanto as an ordinary public utility and subject to commission jurisdiction as to such operation, cannot be said to be a utility subject to a statutory condition in its charter under which compulsory acquisition by another municipality may be enforced. Clause 7 does not by its terms provide for compulsory acquisition from a municipality operating a utility beyond its corporate limits, nor is there any such legislative intent disclosed or implied. The pronouncement of the Supreme Court, in *White Oak Borough Authority Appeal,* supra, 372 Pa. 424, 93 A. 2d 437, goes no further than to say that commission approval is necessary before the Authority can acquire any part of the City's system; it is by no means a ruling that the Commission has the power to grant the Authority a certificate of public convenience where compulsory acquisition is sought from a city operating a utility beyond its corporate borders. Apparently the Legislature has provided for acquisition of such water works only by agreement, and not by compulsory process.

Under section 202 of the Public Utility Law of May 28, 1937, P. L. 1053, as amended, 66 PS §1122, commission approval is required before a municipality may

furnish public utility service beyond its corporate limits. It is unnecessary for us in this proceeding to pass upon the legality of the operation of water works by the City of McKeesport beyond its corporate limits without a certificate. In any event the Commission has jurisdiction over rates charged and service furnished consumers in the Borough by the City operating as a utility beyond the limits of the City. Sections 301, 401 of the Public Utility Law of 1937, as amended, 66 PS §§1141, 1171.

The Commission considered the facts averred in the application of the Authority for a certificate of public convenience to be as stated. As there was no factual issue involved the question presented to the Commission was one of law. Consequently, there was no necessity to require the filing of an answer or to hold a hearing. *Erie Lighting Company v. Pennsylvania Public Utility Commission*, 131 Pa. Superior Ct. 190; 195, 198 A. 901.

The order of the Commission is affirmed.