## West Grove Borough Authority v. Abernethy

*George F. B. Appel* and *Larmore & Scarlett,* for plaintiff.

*William H. Rivoir, Jr.* and *Gawthrop & Greenwood,* for defendant.

GAWTHROP, P. J., October 5, 1964.—Defendant has filed what is designated a "motion," actually a petition, and obtained a rule to strike off a municipal lien entered by plaintiff to compel payment of defendant's alleged proportionate share of the cost of construction of a sanitary sewer laid in a boundary street of the Borough of West Grove but outside the boundary line of the borough. A responsive answer was filed and after argument the matter is before us for decision on the record thus made consisting of the lien claim, the petition and the answer.

Plaintiff was incorporated under the Municipality Authorities Act of May 2, 1945, P. L. 382, as amended, 53 PS §301, under which, pursuant to certain resolutions of the authority and an ordinance of the borough all adopted and enacted in September, 1961, it constructed a sanitary sewer system in and for the borough. The boundary line dividing the Borough of West Grove from the Township of London Grove, a second

class township, lies in the middle of North Guernsey Avenue, a boundary street. In the course of said construction the authority laid a sanitary sewer pipe in front of defendant's premises, situate wholly outside said borough, in that part of North Guernsey Avenue which lies outside the borough line and in the township. The lien claim does not allege, nor did the authority obtain, any approval of the board of supervisors of the township of the report and plan of engineers of the sewer system or of the estimate by the authority of the cost of construction. The authority's resolution adopted September 21, 1961, undertook to levy and assess certain of the costs of construction of the sewer system "against the assessable properties abutting on, adjoining or adjacent to, such sewer system, benefited, improved or accommodated thereby, in accordance with the foot front rule, at the rate of $5.60 per foot front," being less than the assessable cost per foot front of such construction. Defendant's attack on the lien questions the power of the authority to assess any part of the cost of construction under the foot front rule against his property which lies wholly outside the borough. The argument for the authority is that in the absence of power so to do contained in the Authorities Act an assessment made under the provisions of secs. 2112, 2174 and 2175 of the Borough Code, as amended, 53 PS §§ 47112, 47175-6, is valid. In our view it is not.

Since the decisions of our Supreme Court in Simon Appeal, 408 Pa. 464, and Whitemarsh Twp. Authority v. Elwert, 413 Pa. 329, there can be no doubt that municipality authorities are independent agents of the Commonwealth rather than creatures, agencies or representatives of the municipalities which procure their incorporation, and that their powers are contained in and limited to those granted by the Authorities Act of 1945, as amended. They do not include the powers contained in the codes granting powers to various classes

of municipalities in the Commonwealth: Whitemarsh, supra, 332. The authority for an extraterritorial taking by eminent domain by a municipality authority is contained in section 11 of the Authorities Act, 53 PS §314, although the procedure in the litigation is conducted "in the manner" provided by the terms of the applicable municipal code: Hencken v. Bethlehem, 364 Pa. 408; Whitemarsh, supra, 336.

The Authorities Act, as contrasted with the Borough Code, gives no power to an authority to assess costs of sewer construction against properties lying outside the municipality in which it is created and operates. Neither authorities nor municipalities have any original, inherent or fundamental powers but only those granted to them by enabling legislation enacted by the sovereign: White Oak Borough Authority Appeal, 372 Pa. 424; Tredyffrin Township Ordinances nos. 111 and 112, Court of Quarter Sessions of Chester County, misc. nos. 99 and 100 of 1959. Since municipal corporations may exercise only (1) powers expressly granted, or (2) necessarily or fairly implied in or incident to express powers, or (3) those essential to declared objects and purposes of the corporation, not merely convenient but indispensable, any fair or reasonable doubt of existence of a power on the part of a corporation is resolved against its existence and is denied: Kline v. Harrisburg, 362 Pa. 438; Dillon, Municipal Corporations, sec. 89. The West Grove Borough Authority may no more properly assess construction costs beyond the borough boundaries than could the authority in Simon Appeal do so beyond the boundaries of its sewer district, absent a proper contract therefor under section 4 B (p) of the act; 53 PS §306 B (p). Thus no power to assess properties outside the borough exists: Simon, supra; Whitemarsh, supra.

Section 4 B (s) of the Authorities Act, 53 PS §306 B (s), authorizes an authority to charge the cost

of construction of sewers by the foot front method against the properties benefited, improved or accommodated thereby and that such assessments shall be a lien against such properties, to be assessed and collected and such liens enforced "in the manner" provided therefor in the municipality in which the authority is located. But the levying of such assessments is subject to an express condition, i.e.: "Provided, That no such charge shall be assessed unless prior to construction of such sewer . . . the Authority shall have submitted the plan of construction and estimated cost to the *municipality in which such project is to be undertaken,* and the municipality shall have approved such plan and estimated cost: . . ." (Italics supplied.)

Although it asserts its right to levy the assessments under certain provisions of the Borough Code abovementioned, the authority nevertheless undertook to obtain informal approval by the supervisors of the extension of the sewer system into the township to provide service to certain township properties at the request of their owners, either ineffectually under section 2112 of the Borough Code, supra, or recognizing the provisions of section 4 B (s) of the Authorities Act, supra, as they affect his situation. But in so doing it neither submitted to nor obtained approval by the supervisors prior to construction of such sewer of either the plan thereof or the estimated cost to the municipality, i.e., London Grove Township, in which that part of the construction in question was to be undertaken, as section 4 B (s) of the act requires. It relies on that action as authorizing it to levy assessments against properties outside the borough without regard to consent of the owners whose properties are thus affected. It argues that to be required to obtain township approval of the sewer system of the whole borough would be ridiculous. That argument is valid only as to that part of the sewer system laid within the borough. In the absence

of power to assess properties in the township for costs of construction of a part of the project laid in the township, it was required to but failed to comply with the provisions of sec. 4 B (s) of the Authorities Act as to the line laid outside the borough, or to contract with property owners under sec. 4 B (p) of the act. The letter of approval by the township supervisors is a legal nullity and section 4 B (s) was not complied with.

The authority's argument in this respect also ignores the provisions of section 4 B (p) of the Authorities Act empowering it: "To enter into contracts to supply water and other services to and for municipalities that are not members of the Authority, or to and for the Commonwealth of Pennsylvania, municipalities, school districts, *persons* or authorities, and fix the amount to be paid therefor". (Italics supplied.) By exercise of its contract rights it could service those property owners in the township who chose to contract with it to connect to the line in question and as part of the contract terms require them to contribute to the cost of construction of the line as well as to pay service charges without assessing construction costs against nonusers in the township. If and when defendant and others in his position desired to contract to connect with the line they could at that time be required by the contract to pay their share of construction cost. The authority has no power to compel them to connect with the line and by the same token may not in the present state of the law assess their properties for part of the cost of construction.

The authority cites Evans v. West Norriton Township Municipal Authority, 370 Pa. 150, in support of its position. So far as it is pertinent here, that case, at page 161, holds only that the "plan for a sewer, and the cost of construction and the liening thereof determined initially by an Authority is valid only if and when approved by the elected commissioners." In

Evans the elected officials of the municipality in which the authority was incorporated and operated by ordinance approved both the plan and estimated cost. Here the Supervisors of London Grove never approved either the plan or construction costs, neither of which had been submitted to them. Furthermore, the supervisors represented a municipality outside the authority's authorized limits and had no legal authority by any action to bind the owners of properties in the township to pay such assessments without the owners' consent. The Evans case, at page 158, requires, to the contrary of the authority's argument, that the plan and estimated cost must be submitted to and approved by the elected public officials having the authority to levy taxes and perform municipal functions in order for the assessments to be valid and have the force and effect of a lien. Furthermore, Simon, supra, at page 471-2, so sharply limits the application of the Evans case that the case does not support the authority's position here.

And now, October 5, 1964, the rule to strike off the municipal lien is made absolute and the lien is struck off.