## Applicability of Solicitation of Charitable Funds Act to Local Libraries

PACKEL, Attorney General, March 20, 1974.— Receipt is acknowledged of your request for our opinion regarding the applicability of the Solicitation of Charitable Funds Act of August 9, 1963, P. L. 628, 10 PS §160-1, et seq., to local libraries which receive State and municipal funds.

There is also a question concerning the applicability of the Solicitation of Charitable Funds Act regulating a local library which is controlled by a municipality. It is our opinion and you are hereby advised that public libraries are subject to the Solicitation of Charitable Funds Act. This opinion is applicable to local libraries which were organized both before and after the enactment of The Library Code of June 14, 1961, P. L. 324, 24 PS §4101, et seq. It is also our opinion that the status of a local library which is operated in part by a municipality has no bearing on the legislative intent of the Solicitation of Charitable Funds Act and is thereby governed by it.

Local Libraries, as defined by The Library Code, includes:

"Any free, public, nonsectarian library, whether established and maintained by a municipality or by a private association, corporation or group, which serves the informational, educational and recreational needs of all the residents of the area for which its governing body is responsible, by providing free access (including free lending and reference services) to an organized and currently useful collection of printed items and other materials and to the services of a staff trained to recognize and provide for these needs."

To help finance the operation and maintenance of library services, the local libraries receive funds from local taxes, gifts, endowments and other local sources including fund-raising drives for which solicitors may be hired. The local libraries also receive funds from

the State Council on Library Development in a proportion to the local funds received by the local library.

The definition of a "charitable organization" as defined by the Solicitation of Charitable Funds Act is "[A] person which is or holds itself to be a benevolent, educational, philanthropic, humane, patriotic, religious or eleemosynary organization": 10 PS §160-2. The term "person" is defined as: "[A]ny individual, organization, trust, foundation, group, association, partnership, corporation, society, or any combination of them": 10 PS §160-2. On the basis of the foregoing definitions, it is apparent that local libraries are educational organizations subject to the Solicitation of Charitable Funds Act, unless exempted by some other provision of the act or exempt by virtue of their quasi-public status under present law regulating their activities.

It is contended by the local libraries that they are essentially public agencies and not educational organizations under the Solicitation of Charitable Funds Act. They base their contention on the amount of control that the individual municipal and State authorities have over their activities. Section 411 of the Library Code, 24 PS §4411, speaks to the control which municipal governments have over local libraries after the establishment of the "Library Code":

"Board of library directors, terms of members, vacancies.

"The affairs of all local libraries established after the effective date of this act and under the provisions of the preceding sections of this article shall be under the exclusive control of a board of library directors to be composed of not less than five nor more than seven members. The municipal officers shall appoint the members and fill any vacancies occurring from any cause: Provided, That where two or more munici-

palities contribute to the support and maintenance of a local library, they shall each appoint a number of members to serve on the board of library directors as is mutually agreed upon by the said municipalities, the total number not to exceed nine members: Provided further, That when a municipality maintains or aids in the maintenance of a local library established after the effective date of this act by deed, gift or testamentary provision or in any manner other than under the provisions of sections 401 to 406 of this act, it shall be sufficient if the municipal officers appoint the majority of the members of the board of library directors. The first appointees shall be appointed as nearly as may be one-third for one year, one-third for two years and one-third for three years. All appointments to fill the places of those whose terms expire shall be for a term of three years. Vacancies shall be filled for the unexpired terms. All members shall serve until their successors have been appointed. No member of the board shall receive any salary for his service as such."

This section also gives a certain amount of authority to municipalities over the local libraries established before enactment of "The Library Code." It states that:

"In the case of a local library established by deed, gift or testamentary provision, or by any association, corporation or group, prior to the effective date of this act, this section shall not be construed to require the municipal officers of each municipality aiding in the maintenance of a local library to appoint more than two of the library directors of such local library."

Sections 413 and 414 of The Library Code, 24 PS §§4413, 4414, puts further emphasis on the control which municipal authorities have over local libraries. Section 413 gives authority to the Library Director to

control all funds and to make an annual report to the proper municipal authorities while section 414 requires a copy of the report which contains an itemized statement of all receipts from whatever source and expenditures to the State Library in order for the Library Advisory Council to make a proper allocation of funds.

Article Two of the Library Code, 24 PS art. II, §4201, et seq., gives the department the authority to oversee the complete operation of libraries throughout the State which includes the promulgation of rules and regulations for the purpose of carrying out the purpose and duties relating to libraries as imposed by the Library Code.

However, none of these controls by municipal and State authorities can exclude local libraries from being a charitable educational organization under the Solicitation of Charitable Funds Act. The Solicitation of Charitable Funds Act has specified those types of organizations which should be exempted. Section (4)(a)(1) of the Solicitation of Charitable Funds Act lists the educational organizations which are exempt from registration:

"(1) Educational institutions, the curriculums of which in whole or in part are registered or approved by the State Council of Education of the Commonwealth of Pennsylvania, either directly or by acceptance of accreditation by an accrediting body recognized by the State Council of Education: Provided, That such educational institutions simultaneously file with the Commission on Charitable Organizations duplicates of such annual fiscal reports as are filed with the Department of Public Instruction of the Commonwealth of Pennsylvania": 10 PS §160-4(a)(a).

Although, the individual public libraries are required to file annual reports with the State Libraries,

they cannot be considered within the exception because they are not educational institutions that have curricula which are approved by the State Council of Education.

The Solicitation of Charitable Funds Act also specifically exempts at section (4)(a)(4), hospitals which are non-profit and charitable, in many cases, public agencies, if a copy of the annual fiscal report is filed with the Commission on Charitable Organizations.[1]

It is, therefore, apparent that the legislature has exempted organizations where sufficient safeguards exist under other laws to prevent abuses of charitable solicitations. However, in this instance, although the State Advisory Council on Library Development has access to the local libraries' financial reports, the council does not review or regulate the fund-raising activities of libraries.

In addressing the issue of whether a local library that is operated in part by a municipality is controlled by the statute, we must establish what authority the legislature has over municipal corporations. It has been a well-stated law in Pennsylvania that a municipal corporation possesses only that which the legislature grants them. In White Oak Borough Authority Appeal, 372 Pa. 424, 93 A.2d 437 (1953), the court stated:

"Neither authorities nor Municipalities are sovereigns; they have no original or inherent or fundamental power of sovereignty or of legislation; they have only the power and authority granted them by enabling statutory legislation."

---

[1] Other organizations with public trustees, such as museums, file annually with the Commission on Charitable Solicitation and otherwise comply with the statute and regulations.

What must logically follow from the court's statement is that municipal corporations are controlled entirely by the legislature and are not immune to legislative statutes unless specifically stated. In the matter at hand there is no prohibition against the legislature regulating the solicitation of municipally controlled libraries. Indeed, as mentioned above, the Solicitation of Charitable Funds Act has specifically excluded those activities which they did not feel needed regulation. Barring any such exemption, a municipal corporation does not possess any unique status which would exclude their being covered. This principle is stated most appropriately in Commonwealth v. Moir, 199 Pa. 534, 541, which states:

"Municipal corporations are agents of the state, invested with certain subordinate governmental functions for reasons of convenience and public policy. They are created, governed, and the extent of their powers determined by the legislature, and subject to change, repeal, or total abolition at its will. They have no vested rights in their offices, their charters, their corporate powers, or even their corporate existence. This is the universal rule of constitutional law, and in no state has it been more clearly expressed and more uniformly applied than in Pennsylvania. . . . The fact that the action of the state towards its municipal agents may be unwise, unjust, oppressive, or violative of the natural or political rights of their citizens, is not one which can be made the basis of action by the judiciary."

Accordingly, the Solicitation of Charitable Funds Act does regulate a local library which is under municipal control.

## CONCLUSION

Local libraries must be considered a charitable educational organization under the Solicitation of

Charitable Funds Act. The legislature has not granted local libraries an exemption from registering with the Commission on Charitable Solicitations. Local libraries which are controlled by municipalities are also under the control of the Solicitation of Charitable Funds Act. It is, therefore, concluded and you are hereby advised that any local library which solicits funds from the public must adhere to the requirements of the Solicitation of Charitable Funds Act.