**In re CARROLL TOWNSHIP AUTHORITY, Debtor.**

Bankruptcy No. 90–02051.

Motion No. 90–5229M.

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 16, 1990.

P. Michael Tomich, Chairman, Carroll Tp. Authority, Washington County, Pa., Neil J. Marcus, Blane A. Black, Marcus and Black, Monongahela, Pa., Thomas M. Zwilling, Strassburger, McKenna, Gutnick & Potter, Pittsburgh, Pa., for debtor.

Paul N. Barna, Jr., Sol., Donora, Pa., for Carroll Tp. Authority.

Asst. U.S. Trustee, Office of the U.S. Trustee, Pittsburgh, Pa., for U.S. Trustee.

Mark A. Willard, William E. Kelleher, Jr., Richard F. Rinaldo, Veronica M. Kelly,

Eckert Seamans Cherin & Mellott, Pittsburgh, Pa., for Municipal Authority of the City of Monongahela and the City of Monongahela.

Richard D. Spiegelman, Mark S. Wyatte, Office of General Counsel, Harrisburg, Pa., for Com. of Pennsylvania.

## MEMORANDUM OPINION

COSETTI, Chief Judge.

The matter presently before this court is the Municipal Authority of the City of Monongahela and the City of Monongahela's Motion To Dismiss The Debtor's Petition As Improperly Filed.

The motion is granted and the petition is dismissed.

## I. FACTS

■ Carroll Township Authority (hereinafter "CTA") was organized under the Municipality Authorities Act of 1945. 53 P.S. § 301 *et seq.* Its purpose is to provide sewage service to portions of Carroll Township, Washington County, Pennsylvania. In 1971, CTA entered into a contract for the treatment of its sewage with the Municipal Authority of the City of Monongahela and the City of Monongahela (hereinafter "Monongahela").

The terms of the contract specified a level of sewage discharge to Monongahela's treatment plant above which CTA would be responsible for the payment of "overrun" charges. In the early 1980's, CTA decided that the overrun charges were unreasonable and refused to pay the charges. In January 1982, Monongahela brought suit in the courts of the Commonwealth of Pennsylvania to collect the overrun charges. After years of litigation, the state courts determined that the contract was valid and enforceable. CTA was ordered to pay all the unpaid charges accrued by the overruns. *Mun. A., Monongahela v. Carroll T.,* 123 Pa.Commonwealth Ct. 615, 555 A.2d 264 (1989), *allocatur denied,* 524 Pa. 599, 568 A.2d 1249 (1989).

On July 10, 1990, CTA filed a Chapter 9 petition with this court. Monongahela then filed an Objection and Motion To Dismiss The Improperly Filed Petition. A hearing was held before this court on July 23, 1990 to consider the objection of Monongahela. At this hearing, CTA discovered that the United States District Court for the Western District of Pennsylvania had ruled contrary to its position in the case of *In re North and South Shenango Joint Municipal Authority,* 80 B.R. 57 (W.D.Pa.1982). CTA requested and was granted additional time to file a brief specifically addressing the issue of whether it lacks authorization under Pennsylvania law to become a debtor under Chapter 9 as required by 11 U.S.C. § 109(c)(2).

On July 26, 1990, CTA filed its brief attempting to demonstrate that Carroll Township Authority had satisfied Section 109(c)(2). For the reasons discussed below, this court finds that CTA has not met its burden on this issue. Carroll Township Authority is not authorized by state law to be a Chapter 9 debtor and its petition must be dismissed.

## II. ANALYSIS

Section 109(c) of the Bankruptcy Code sets forth the criteria which an entity must satisfy to qualify as a Chapter 9 debtor. Section 109(c)(2) states:

[a]n entity may be a debtor under Chapter 9 of this title if and only if such entity ... is generally authorized to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter ...

11 U.S.C. § 109(c)(2).

In 1982, the United States District Court for the Western District of Pennsylvania found that Pennsylvania law *does not* authorize a municipal authority to be a Chapter 9 debtor. *In re North and South Shenango Joint Municipal Authority,* 80 B.R. 57 (W.D.Pa.1982) Judge Willson stated:

North and South Shenango Joint Municipal Authority has not been generally or otherwise authorized by the Commonwealth of Pennsylvania to be a debtor

under Chapter 9 of the Bankruptcy Code, and ... the Bankruptcy Court was therefore without jurisdiction to grant the Authority relief under said Chapter 9 of the Bankruptcy Code....

*Id.* at 58. The United States District Court ordered the dismissal of the petition and denied the Authority's oral motion for a stay. *Id.* The Order of the United States District Court for the Western District of Pennsylvania would be a controlling precedent unless, of course, the Pennsylvania statutes have been changed to permit such a filing.

CTA states, "[i]t is difficult, therefore, to determine if Judge Willson was presented with the level of information and analysis which [the] Debtor brings before this court." (CTA's Brief at 3). A review of the decision of the Bankruptcy Court in *In re North and South Shenango Joint Municipal Authority,* 14 B.R. 414 (Bankr.W. D.Pa.1981), clearly indicates that Judge Willson was presented with the same level of information. The cases are very similar and many of the same arguments were raised by the Shenango authority as were in the present case. Each of the arguments raised by CTA will be discussed separately.

A. *The Municipality Authorities Act of 1945 Does Not Authorize An Authority To Be A Chapter 9 Debtor*

In support of its position that it is authorized by Pennsylvania law to be a Chapter 9 debtor, CTA cites various provisions of the Municipality Authorities Act of 1945. One provision of the Act grants the power to "sue, be sued, implead, be impleaded, complain and/or defend in all courts". 53 P.S. § 306(B)(b). Under a literal reading of this provision it is clear that it does not authorize the authority to be a debtor. This provision would give the authority the power to be a claimant, movant and/or a defendant in the Bankruptcy Court.

A municipal authority only has the power and authority granted to it by enabling legislation. *White Oak Borough Authority Appeal,* 372 Pa. 424, 427, 93 A.2d 437 (1953). These powers are not to be enlarged by a liberal construction of the enabling legislation. *Midtown Motors, Inc. v. Public Parking Authority,* 100 P.L.J. 363, 373 (1953), *modified on other grounds,* 101 P.L.J. 1 (1953), *aff'd,* 372 Pa. 475, 94 A.2d 572 (1953). This court cannot supplement the provision by allowing CTA to become a Chapter 9 debtor.

The Municipality Authorities Act provisions were also part of the record considered and rejected by Judge Willson in *In re North and South Shenango Joint Municipal Authority,* 80 B.R. 57 (W.D.Pa. 1982). Judge Willson found, as we do, that these provisions do not authorize an authority to become a Chapter 9 debtor.

The provisions cited by CTA have not changed since Judge Willson's opinion. The provisions are not the type of affirmative action by a state that Congress required as the state authorization which is a condition precedent before an entity can become a Chapter 9 debtor. The legislative history clearly shows that section 109(c)(2) requires affirmative action from the State in allowing an entity to become a Chapter 9 debtor. The Senate stated, "[a]bsent ... a requirement for affirmative action by the state, a serious constitutional question would be raised in connection with the 10th Amendment." S.Rep. No. 989, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5896–5897. Pennsylvania has not taken the affirmative action required to allow an authority to be a Chapter 9 debtor.

CTA maintains that this court should follow two bankruptcy court decision from other circuits, *In re Pleasant View Utility District of Cheatham County, Tennessee,* 24 B.R. 632 (Bankr.M.D.Tenn.1982) and *In re City of Wellston,* 43 B.R. 348 (Bankr.E. D.Mo.1984). The statutory language used by the Tennessee and Missouri Bankruptcy Courts which allowed an authority to become a Chapter 9 debtor is not found in the Municipality Authorities Act of 1945. The Tennessee case also relied upon the bankruptcy opinion of *North and South Shenango* which was subsequently reversed.

This court concludes that the Municipality Authorities Act of 1945 does not authorize CTA to be a Chapter 9 debtor.

### B. *The Financially Distressed Municipalities Act Does Not Include Authorities*

The Financially Distressed Municipality Act was enacted in 1987. P.L. 246, No. 47, §§ 101–501, 53 P.S. § 11701.101 *et seq.* (Supp.1990). It empowers the Department of Community Affairs to declare certain municipalities as financially distressed thereby authorizing those municipalities to participate in Federal debt adjustment actions and bankruptcy actions. *Id.,* § 11701.101 (Historical and Statutory Notes). The Act defines a municipality as "[e]very county, city, borough, incorporated town, township and home rule municipality." *Id.,* §§ 11701.103 (Definitions). Municipal authorities are not included in the definition and therefore cannot use this Act as authorization to file a Chapter 9 petition.

### C. *CTA Is Not Authorized Under 53 P.S. § 5571 To Be A Chapter 9 Debtor*

CTA contends that 53 P.S. § 5571 lends support to the proposition that it has state law authorization to become a Chapter 9 debtor. This contention is not correct. 53 P.S. § 5571 provides in pertinent part:

> No political subdivision of this Commonwealth shall file any petition in any district court of the United States under the Municipal Bankruptcy Act ... alleging that it is insolvent or unable to meet its debts as they mature, and expressing its desire to effect a plan or readjustment of its debts, unless such petition has first been submitted to, and the filing thereof has been first approved, in writing, by the State Department of Internal Affairs. Said department is hereby designated, in accordance with said act of Congress, as the agency of the Commonwealth of Pennsylvania which shall have power to approve or disapprove the filing of any such petition of a political subdivision, and to approve of disapprove any plan of readjustment of the debts of any such political subdivision prepared, filed, and submitted with the petition to the court, as provided in said act of the Congress.

CTA asks this court to construe and expand this provision to municipal authorities giving them the right to become a Chapter 9 debtor. We cannot construe this provision as doing such. First, a municipal authority is not a political subdivision and secondly, 53 P.S. § 5571 has been repealed as to municipalities as defined in the Financially Distressed Municipalities Act. Section 5571 only applies to entities such as school districts, vocational school districts and county institution districts.

53 P.S. § 5571 does not support the idea that an authority can file under Chapter 9. Had the Pennsylvania legislature wished to include Municipal Authorities within the definition of "political subdivision", it has had ample time to do so. The legislature has not taken such action.

In conclusion, Carroll Township Authority is not authorized under Pennsylvania law to be a Chapter 9 debtor. If this court were to rule otherwise, we would be creating a substantive right that does not now exist under the Bankruptcy Code or Pennsylvania law. Even section 105 of the Bankruptcy Code does not "give [this] court the power to create substantive rights that would otherwise be unavailable under the Code." *In re Morristown & Erie R.R. Co.,* 885 F.2d 98, 100 (3d Cir. 1989).

The court must grant the motion to dismiss. We do not decide that Carroll Township may not file or that the Authority may not join the Township in a joint petition. That issue is left for another day.

An appropriate order is attached.

### ORDER OF COURT

AND NOW, this 16th day of August, 1990, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Municipal Authority of the City of Monongahela and the City of Monongahela's Motion To Dismiss The Debtor's Petition As Improperly Filed is GRANTED.

IT IS FURTHER ORDERED that the Carroll Township Authority's Chapter 9 petition is DISMISSED.